UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION, a
Wisconsin Corporation,

        Plaintiff,

    v.

TATA CONSULTANCY SERVICES
LIMITED, an Indian Corporation; and TATA
AMERICA INTERNATIONAL
CORPORATION (dba TCS AMERICA), a
New York Corporation,

        Defendants.

Case No. 14-CV-748

**DECLARATION OF NICK G. SAROS IN SUPPORT OF
EPIC'S MOTION FOR EXPEDITED DISCOVERY**

    I, Nick G. Saros, declare and state as follows:

    1.    I am an attorney at the law firm of Jenner & Block LLP, counsel for Epic Systems Corporation in the above-titled matter. The facts stated herein are within my personal knowledge and, if called upon as a witness, I could and would competently testify to them.

    2.    Attached as **Exhibit A** are true and correct print-outs of Epic's webpages regarding its software systems.

    3.    Attached as **Exhibit B** is a true and correct print-out of Kaiser's webpage, "Fast Facts about Kaiser Permanente."

    4.    Attached as **Exhibit C** is a true and correct print-out of TCS's webpage, "Tata Consultancy Services."

5. Attached as **Exhibit D** is a true and correct print-out of TCS's webpage, "Subsidiaries."

6. Attached as **Exhibit E** are true and correct print-outs of the New York Department of State webpages regarding Tata America International Corporation and Tata Consultancy Service Ltd.

7. Attached as **Exhibit F** is a true and correct print-out of TCS's webpage providing contact information for TCS America.

8. Attached as **Exhibit G** are true and correct print-outs of TCS's webpage regarding TCS technology products, including Med Mantra.

9. Attached as **Exhibit H** is a true and correct copy of the 2005 Standard Consultant Agreement between Epic and Tata America International Corporation.

10. Attached as **Exhibit I** is a true and correct print-out from the IPAdress.com website, providing the location and registrant of IP address 125.22.43.12.

11. Attached as **Exhibit J** is a true and correct print-out of Phillipe Guionnet's LinkedIn webpage.

12. Attached as **Exhibit K** is a true and correct copy of the document requests Epic seeks to serve on TCS.

13. Attached as **Exhibit L** is a true and correct copy of the subpoena Epic seeks to serve on Phillipe Guionnet.

14. On June 30, 2014, I had a telephone conference with Mr. Guionnet that lasted approximately one hour. The purpose of the telephone conference was to discuss Mr. Guionnet's knowledge regarding TCS employees' unauthorized access to, and downloading of, documents

from Epic's UserWeb. The following is a description of Mr. Guionnet's statements during our telephone conversation.

15. Mr. Guionnet stated that in his position at TCS he managed all aspects of TCS's contract with Kaiser to provide consulting services, and had 1,000 TCS employees reporting to him directly or indirectly. Mr. Guionnet reported to TCS executive management, and his direct supervisor was Mr. Syama Sundar.

16. Mr. Guionnet stated that in the Spring of 2013, a TCS employee in his organization informed him about the misuse of Epic UserWeb login credentials by TCS employees. He stated that this was when he first became aware of TCS's misconduct regarding UserWeb.

17. Mr. Guionnet stated that he then "did his homework" to investigate the misconduct by speaking to TCS personnel and reviewing email communications. He stated that at one point he was accidentally copied on an email evidencing misconduct. Mr. Guionnet did not provide specifics regarding who he talked to or the specific documents he reviewed.

18. Mr. Guionnet said that he became aware that an Epic access credential was being used in India, even though no Kaiser personnel worked in India. Mr. Guionnet stated that the use of Epic's access credential in India related to TCS's improvements to its Med Mantra software product.

19. Mr. Guionnet stated that he believes that TCS's misconduct was supported by TCS management, and planned and executed under the direction of senior TCS management.

20. In late 2013, following his own investigation, Mr. Guionnet stated that he "confronted" TCS management regarding the misconduct, including his direct supervisor Syama Sundar as well as TCS President of Insurance and Healthcare, Suresh Muthuswami. According

to Mr. Guionnet, he was told to "let it go" and "drop it," and he was brushed aside. Mr. Guionnet said that he brought the issue to their attention again in writing in early 2014, but his messages were ignored.

21. Mr. Guionnet said that he documented his reports to TCS management, and is still in possession of those documents. Mr. Guionnet also stated that relevant documents are being saved on TCS servers and in several emails exchanges between TCS employees. He stated that he was copied on several emails that included as attachments Epic documents. Mr. Guionnet also stated that he has documents in his possession supporting his statements regarding TCS's unauthorized downloading and use of Epic documents to benefit the Med Mantra product. Thus far, Mr. Guionnet has declined to show these documents to Epic's attorneys.

22. Mr. Guionnet explained that, until recently, TCS's Med Mantra software was an "elementary" system that did not have the capabilities to be a viable product. He explained that just one year later, Med Mantra had become very sophisticated. Mr. Guionnet believes that reviewing the "functionality and mapping" of Epic's software would have saved TCS a significant amount of development time and effort with respect to developing Med Mantra. Mr. Guionnet has seen email communications comparing the Med Mantra and Epic products, which evidence TCS's use of Epic information in Med Mantra.

23. Mr. Guionnet described that during a trip to India in February 2014, he visited the Med Mantra team in Hyderabad, India, where he confronted the Med Mantra team regarding Med Mantra's product improvements. Mr. Guionnet stated that, based on conversations he had with the Med Mantra team as well as documents he reviewed in Hyderabad, he was able to confirm his belief that TCS has been using Epic information in its Med Mantra product.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 6th day of November, 2014, in Los Angeles, California.

_____
Nick G. Saros