UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION, a
Wisconsin Corporation,

        Plaintiff,

        v.

TATA CONSULTANCY SERVICES
LIMITED, an Indian Corporation; and TATA
AMERICA INTERNATIONAL
CORPORATION (dba TCS AMERICA), a
New York Corporation,

        Defendants.

Case No. 14-CV-748

**JOINT PRELIMINARY PRETRIAL CONFERENCE REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Standing Order Governing Preliminary Pretrial Conferences, Plaintiff Epic Systems Corporation ("Epic") and Defendants Tata Consultancy Services Limited and Tata America International Corporation (collectively "TCS") met and conferred on December 22-23, 2014 regarding all matters listed in Rule 26(f). The parties now submit the following Joint Preliminary Pretrial Conference Report:

    **1.**    **Short Statement of the Nature of the Case**

Plaintiff Epic Systems Corporation brings causes of action against Defendants for violation of the Computer Fraud and Abuse Act (18 U.S.C. §1030), trade secret misappropriation, breach of contract, conversion, unjust enrichment, and a number of other state law causes of action related to the alleged theft of Epic confidential and trade secret information by Defendants. Epic is a Wisconsin corporation based in Verona, Wisconsin, and is a leading

developer and distributor of health care products for the healthcare industry. Epic markets and licenses software products throughout the United States and the world. Defendants provide consulting services to an Epic customer, Kaiser Foundation Hospitals, with respect to the Epic software and its consultants are alleged to have downloaded extensive numbers of documents without authorization. Epic seeks damages and injunctive relief to protect its confidential information and trade secrets.

Defendant Tata Consultancy Services Limited ("TCS Limited") is an Indian corporation that provides information technology services, consulting and business solutions. Defendant Tata America International Corporation ("Tata America") is a New York corporation that is registered to do business in Wisconsin. Tata America is a wholly-owned subsidiary of TCS Limited that also provides IT services, consulting and computer systems integration services. Tata America was hired as a consultant by Epic's customer, Kaiser Foundation Hospitals, to help Kaiser implement software created by Epic. TCS Limited and Tata America filed a partial motion to dismiss on January 5, 2015, which seeks an order, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), dismissing all but Epic's Fourth Cause of Action (breach of contract) for failure to state a claim. TCS Limited and Tata America deny that Epic is entitled to the relief sought in this action.

2. **Names of Any Related Cases**

There are no related cases.

3. **Statement of the Material Factual and Legal Issues to Be Resolved at Trial**

As presently pleaded, the parties anticipate that the following material factual and legal issues need to be resolved in the course of this case or at trial:

a) Whether Defendants downloaded without authorization Epic documents containing Epic confidential and trade secret information;

b) Whether Defendants used Epic confidential or trade secret information in design or development of Med Mantra;

c) Whether Plaintiff has proven Defendants are liable for the following causes of action: (1) Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (2) Violation of the Wisconsin Computer Crimes Act (Wisc. Stat. § 943.70); (3) Misappropriation of Trade Secrets (Wisc. Stat. § 134.90); (4) Breach of Contract; (5) Breach of the Covenant of Good Faith and Fair Dealing; (6) Fraud; (7) Misrepresentation; (8) Conversion; (9) Common Law Unfair Competition; (10) Injury to Business (Wisc. Stat. § 134.01); (11) a remedy under Wis. Stat. § 895.446; and/or (12) Unjust Enrichment;

d) Whether Defendants' defenses to the causes of action prevent a liability finding on any causes of action;

e) If Plaintiff's cause of action(s) are proven, whether an injunction should issue against Defendants and the scope of that injunction;

f) If Plaintiff's cause of action(s) are proven, the amount of damages to be awarded Plaintiff; and

g) Whether other remedies should be awarded such as disgorgement of Defendants' profits arising from the use of Epic's confidential and proprietary information, an award of all costs of investigation and litigation related to the causes of action, punitive damages, and/or pre- and post-judgment interest.

h) Defendants have filed a motion to dismiss and that motion is pending before the Court. That motion raises issues of law concerning the sufficiency of Plaintiff's Complaint.

3

Depending on the Court's decision on that motion, the factual and legal issues to be resolved may change. Those legal issues must also be decided.

**4.     Description of Any Amendments to the Pleadings Any Party Intends to Make**

The parties are not currently planning to make any amendments to the pleadings. However, Defendants filed a partial motion to dismiss in lieu of an answer on January 5, 2015. Plaintiff has not had a full opportunity to review Defendants' motion. In addition, depending on the Court's decision on Defendants' motion, Plaintiff may wish to amend its Complaint. Plaintiff may also wish to amend its complaint in response to information obtained during the initial discovery period discussed in paragraph 7, below.

**5.     Identification of Any New Parties to be Added**

The parties are not aware of any new parties to be added at this time.

**6.     Estimated Trial Length**

The parties estimate that the trial can be completed in 5-7 days.

**7.     Any Other Matters Affecting the Just, Speedy, and Inexpensive Disposition of this Case**

Epic filed a Motion for Expedited Discovery on November 6, 2014. TCS filed its Opposition to the Expedited Discovery Motion on November 22, 2014. The Court held a telephonic hearing on December 8, 2014. The Court subsequently issued an Order that the Motion was Granted-in-part and Denied-in-part "in the manner and for the reasons stated." The Court also ordered that the parties hold their Rule 26(f) conference not later than December 23, 2014. The parties held the Rule 26(f) conference on December 22-23, 2014. Based on the above, the parties propose the following regarding an initial discovery period in relation to the Motion for Expedited Discovery:

  a) **Discovery from Philippe Guionnet**.  On December 24, 2014, counsel for TCS issued a subpoena to Philippe Guionnet, a current employee of defendant Tata America International Corp., seeking documents Mr. Guionnet claims to possess but would not voluntarily provide to TCS' counsel.  The subpoena was served on Mr. Guionnet on December 29, 2014, at his home in Redondo Beach, California. The subpoena to Mr. Guionnet demands production of the requested documents no later than 5:00 p.m. (PST) on January 9, 2015, at the Los Angeles office of TCS' counsel.  On January 5, 2015, Mr. Guionnet raised objections to the subpoena on burdensomeness and other grounds.  Defendants' counsel has invited Mr. Guionnet to contact them to negotiate a reasonable timeline for compliance with the subpoena.  It is foreseeable that Mr. Guionnet's compliance with the subpoena will need to be compelled by court order.  Once Mr. Guionnet makes a production of documents responsive to the subpoena, Defendants will review those documents and, as soon as possible thereafter, produce those documents to Plaintiff subject to withholding documents on grounds of privilege or other protection from disclosure.  Plaintiff will serve Mr. Guionnet a subpoena for a deposition to occur at a time after receipt of Mr. Guionnet's document production.

  b) **Subpoena to Kaiser.**  Certain discovery Epic seeks may be held by non-party Kaiser Foundation Hospitals ("Kaiser").  Epic will likely issue a subpoena to Kaiser seeking this discovery.

  c) **Document production by TCS.**  On December 23, 2014, Epic served document requests on TCS that were identical in substance to the requests annexed as an exhibit to Epic's motion for expedited discovery.  The parties have differing positions regarding TCS's obligations with respect to the discovery sought in Epic's motion for expedited discovery, which the Court granted-in part and denied-in part.

**Plaintiff's Position:**  The parties met and conferred regarding the scope and timeframe for TCS's initial document production and have several disagreements on those issues.  Epic is amenable to the email search proposal outlined in Defendants' position below, but does not agree that should be the *only* method of document collection in this case.  TCS should engage in a reasonably thorough investigation of documents, witnesses, servers, and email to determine what has happened to the thousands of documents and confidential information downloaded from Epic's computer system by TCS personnel.

Epic further disagrees regarding the timeframe TCS should complete its initial production.  Epic filed its Complaint on October 31, 2014, filed its Motion for Expedited Discovery on November 6, 2014, attended a telephonic hearing before the Court on December 8, 2014, and received the Court's order granting the motion in part on that same day.  TCS has had months to investigate the claims in this matter and conduct a document collection, especially considering that Epic's motion for expedited discovery – served two months ago – attached the document requests and made clear for TCS what documents were being sought.  Those document requests were again formally served on December 23 after completion of the Rule 26(f) conference.  TCS has produced no documents, but has raised procedural excuses for its failure to produce responsive documents (e.g., demanding Epic identify exactly what documents should be produced and identify exactly what custodians might have documents).  Epic requests that TCS be ordered to complete its initial document production by January 19, 2015.

**Defendants' Position:**  TCS believes that an electronic search is the most efficient means by which to locate documents potentially responsive to Epic's document requests in the truncated time frame contemplated for the initial discovery period.  Particularly since TCS Limited is based in India, which is 10.5 hours ahead of New York where TCS' counsel is based,

conducting a cabinet-to-cabinet search of responsive documents would be unduly burdensome. Moreover, since the documents and information allegedly at issue in this action exist in electronic form, an electronic search is appropriate. TCS proposes to provide Epic with a list of proposed search terms along with an identification of the e-mail custodians and information technology resources against which TCS proposes to apply the search terms. Once the parties agree on the search terms and scope of the search, TCS will collect, review, and produce responsive documents, on a rolling basis, starting on or before January 30, 2015. TCS will use its best efforts to complete its production by February 13, 2015.

  **d)**   **Depositions of TCS Employees.** Epic has requested that TCS make three persons available for deposition: Ramesh Gajaram, Aswin Kumar Anandhan, and Sankari Gunasekaram. Defendants will produce Mssrs. Gajaram, Anandhan, and Gunasekaram at a time to be agreed upon by the parties, which will be approximately two weeks after Defendants complete their production of documents in this initial discovery period. For witnesses located in India, depositions during this initial period will occur through videoconference means. If any of the three witnesses resides in the United States, the deposition will occur in the United States at a place to be agreed upon by the parties.

  **Plaintiff's Position:** Epic may recall any witness deposed during this initial discovery period for a second deposition session independently subject to the durational limit imposed by Fed. R. Civ. P. 30(d)(1). A second deposition after more substantial discovery has been conducted will not be precluded and the deposition time in the second deposition shall not be limited by the deposition time of the first deposition. Epic believes this precise issue was already discussed with the Court during the hearing on the motion for expedited discovery.

7

**Defendants' Position:** It is premature to establish, now, that Epic may recall any witness for a second deposition session for any reason. While further discovery or other circumstances may justify a second deposition session for a particular witness, TCS believes that the determination should be made on a witness-by-witness basis. Therefore, the parties should reserve all of their rights with respect to this issue and, should a dispute arise concerning a second deposition of a witness or witnesses, the parties can meet and confer before presenting the issue to the Court for a decision in light of the facts and circumstances then existing.

e) **Document production by Epic**. On December 29, 2014, Epic produced two Excel files. One was a list of documents allegedly downloaded using Ramesh Gajaram's login credentials from the UserWeb. The other Excel file shows the date of the alleged download and IP address associated with the alleged download. Epic will also produce, under "outside counsel's eyes only" designation, a copy of all documents allegedly downloaded using Mr. Gajaram's login credentials as noted above once the parties enter an appropriate Protective Order concerning the production of confidential information. Epic's counsel sent a draft Protective order to TCS's counsel on December 22, 2014. TCS has not yet responded to that draft, but will respond by January 8, 2015.

**Plaintiff's Position:** During the 26(f) conference, the parties discussed that beyond the limited discovery set forth herein, all other discovery shall be stayed. TCS's counsel indicated that it intended to serve discovery. Epic's counsel requested that TCS provide the desired discovery requests in advance because Epic will not agree to a stay of discovery, yet allow TCS to serve discovery requests with no knowledge of the scope of those requests. TCS did not send an information copy of its requests or any list of witnesses it wants to depose, and indeed still has not provided that information. Until TCS provides a copy of the initial discovery it seeks from

Epic, Epic cannot agree to a stay of discovery. Up to this point, TCS has not produced one document, yet wants to be able to serve unknown discovery on Epic with a stay in place. In these circumstances, and considering the delay already encountered in receiving the expedited discovery sought, Epic does not believe a stay is practical.

**Defendants' Position:** On or before January 7, 2015, TCS will serve its discovery requests on Epic's counsel. TCS believes that it should be afforded an opportunity to have discovery of documents and information potentially relevant to a motion by Epic for a preliminary injunction. TCS' discovery requests will seek such documents and information. TCS does not at present intend to notice any Epic witness for a deposition. However, TCS may seek such a deposition to the extent documents or information produced by Epic show a need to depose an Epic witness on issues relevant to a preliminary injunction motion. Other than this initial discovery set forth above, and the depositions that form part of that initial discovery, TCS believes that discovery should be otherwise stayed.

## DISCOVERY PLAN

1. **Proposed Case Schedule**

| Event | Epic Proposed Date | TCS Proposed Date |
|---|---|---|
| Rule 26(a) Disclosures | January 19, 2015 | January 23, 2015 |
| Initial Document Production Related to Expedited Discovery Motion | January 19, 2015 | Starting on or before January 30, 2015 and expected to be complete by February 13, 2015. |

| Event | Epic Proposed Date | TCS Proposed Date |
|---|---|---|
| Initial Epic Document Production Concerning Preliminary Issues | As noted above, Epic is not aware of what discovery TCS intends to serve during this initial phase and objects to a schedule entry requiring an obligation to produce documents of an unknown scope. | February 13, 2015 |
| Depositions of TCS Employees Related to Expedited Discovery Motion and Mr. Guionnet | January-February, 2015 | Second Half of February 2015 |
| Depositions of Epic Witness(es) Concerning Preliminary Issues | As noted above, Epic is not aware which Epic witness(es) TCS intends to depose during this initial phase and objects to a schedule entry requiring an obligation to produce an unknown witness. | Second Half of February-March 2015 |
| Preliminary Injunction Briefing (if necessary) | February-March, 2015 | March-April 2015 |
| Amendments to Pleadings Without Leave | March 13, 2015 | February 27, 2015 |
| Add New Parties Without Leave | March 13, 2015 | February 27, 2015 |
| Liability Expert Report:  Proponent | August 10, 2015 | August 10, 2015 |
| Liability Expert Report:  Respondent | September 14, 2015 | September 14, 2015 |
| Dispositive Motions | October 9, 2015 | October 9, 2015 |
| Damages Expert Report:  Proponent | November 13, 2015 | November 13, 2015 |
| Damages Expert Report:  Respondent | December 11, 2015 | December 11, 2015 |
| Discovery Cut-Off | January 15, 2016 | January 15, 2016 |

| Event | Epic Proposed Date | TCS Proposed Date |
|---|---|---|
| Settlement Letters | January 15, 2016 | October 16, 2015 |
| Mediation or Principal-to-Principal Discussions | Starting no later than November 3, 2015 | Starting no later than November 3, 2015 |
| Rule 26(a)(3) Disclosures and Motions in Limine | February 12, 2016 | February 12, 2016 |
| Objections to Rule 26(a)(3) Disclosures and Oppositions to Motions in Limine | February 26, 2016 | February 25, 2016 |
| Final Pretrial Conference | March 9, 2016 | March 9, 2016 |
| Trial | March 21, 2016 | March 21, 2016 |

**2.** **Miscellaneous Discovery Items**

**(a)** **Protective Order**

The parties anticipate the need for a protective order governing the exchange of confidential information during discovery and intend to negotiate and file a stipulated protective order by January 12, 2015.

**(b)** **Limitations**

The parties do not presently request the Court to order any further limits on discovery.

**(c)** **Productions of Electronically Stored Information**

At least the following metadata fields shall be preserved and produced for e-mails: custodian, sender, recipient(s) (including to, cc, and bcc fields), subject, date sent, and parent/child identification for any attachments. The parties agree to discuss the extent to which additional metadata fields may be preserved and produced. The following metadata fields shall be preserved and produced for all other electronically stored information ("ESI"): author, custodian, title, date created, and date last edited. All ESI produced as load files of TIFFs with searchable extractable text with the parent-child relationships of documents kept intact (e.g., an

11

e-mail message shall remain connected with its attachments), except that Excel files, other large spreadsheets, media files, and documents incorporating track changes shall be produced in native format.  To the extent any additional issues arise with respect to discovery of ESI, the parties shall cooperate and work together in good faith to reach an agreement.

      **(d)**     **Privilege and Work Product Issues**

The parties agree that the inadvertent disclosure of privileged or otherwise protected material shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B).

      **(e)**     **Electronic Copies and Service**

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties consent to service by electronic means.  The parties agree that such service shall be complete upon transmission, provided that the sender does not receive any indication that such transmission was unsuccessful.

Service of filings may be made through the Court's ECF system.  For all other documents, service shall be made to those e-mail addresses for counsel set forth on the Court's electronic docket.  Notwithstanding Federal Rule of Civil Procedure 6(d), the receiving party should be deemed to be served on the day the electronic transmission is made.

The parties agree that duplicate copies of all written discovery requests and all proposed findings of fact shall be served electronically in editable form, e.g., in Microsoft Word.

Dated:  January 6, 2014                        */s/ Nick G. Saros*
                                                           Brent Caslin
                                                           bcaslin@jenner.com
                                                           Nick G. Saros
                                                           nsaros@jenner.com
                                                           Kate T. Spelman
                                                           kspelman@jenner.com
                                                           JENNER & BLOCK LLP
                                                           633 West 5th Street Suite 2600
                                                           Los Angeles, CA 90066
                                                           Tel:  213-239-5100
                                                           Fax:  213-230-5199

Anthony A. Tomaselli
aat@quarles.com
Kristin G. Noel
kristin.noel@quarles.com
Stacy A. Alexejun
stacy.alexejun@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
Tel: 608-251-5000
Fax: 608-251-9166

*Attorneys for Plaintiff Epic Systems Corporation*

Dated: January 6, 2014

/s/ Philip D. Robben
Philip D. Robben
Melissa E. Byroade
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Tel: 212-808-7800
Fax: 212-808-7897

David W. Long
dlong@kelleydrye.com
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Tel: 202-342-8580
Fax: 202-342-8451

*Attorneys for Defendants*