UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION, a
Wisconsin Corporation,

        Plaintiff,

v.

TATA CONSULTANCY SERVICES
LIMITED, an Indian Corporation; and TATA
AMERICA INTERNATIONAL
CORPORATION (dba TCS AMERICA), a
New York Corporation,

        Defendants.

Case No. 14-CV-748

**DECLARATION OF NICK G. SAROS IN SUPPORT OF
EPIC SYSTEMS CORPORATION'S MOTION TO COMPEL
COMPLIANCE WITH COURT ORDER**

I, Nick G. Saros, declare and state as follows:

1.     I am an attorney at the law firm of Jenner & Block LLP, counsel for Epic Systems Corporation in the above-titled matter. The facts stated herein are within my personal knowledge and, if called upon as a witness, I could and would competently testify to them.

2.     Attached as **Exhibit A** is the transcript from the Court's December 8, 2014 telephonic hearing on Epic's Motion for Expedited Discovery;

3.     Attached as **Exhibit B** is an email sent by Philippe Guionnet on January 6, 2015 at 12:18 p.m. PST to me and several other recipients, including counsel of record in this case.

4.     Attached as **Exhibit C** is an email sent by Philippe Guionnet on January 6, 2015 at 5:05 p.m. PST to me and several other recipients, including counsel of record in this case.

1

5. On December 22, 2014 the parties held a telephonic Rule 26(f) conference. On the phone representing Epic was Brent Caslin, Kate Spelman, and myself, and representing TCS was David Long and Philip Robben. During the telephone call, TCS stated positions regarding the expedited discovery that were discussed by the parties as part of this conference:

 a. TCS stated the position that no discovery should occur until late January 2015.

 b. TCS informed me that depositions of the three TCS witnesses sought during the expedited discovery would not occur unless Epic goes through the proceedings required under the Hague convention.

 c. When questioned, TCS could not confirm whether any of the three witnesses were located in the United States, but promised to confirm the current location of each witness and inform Epic.

 d. TCS resisted searching for documents and stated that Epic must inform him which TCS custodians to search and what he should search for. I responded that we do not have information on the identify of TCS's employees that have accessed or viewed Epic's documents, and that it is his responsibility to interview witnesses from TCS in order to determine the appropriate persons to search.

 e. I tried to discuss the specifics of Epic's document requests that were provided with Epic's Expedited Discovery Motion in order to attempt to agree on the scope of those requests for purposes of the expedited discovery period. TCS refused to discuss the requests and instead insisted that Epic draft new narrowed requests, which he would then review before setting up a different time to discuss the scope of those requests.

       f.       TCS informed me that TCS is unable to collect the responsive documents in Mr. Guionnet's possession, and that TCS would be required to subpoena Mr. Guionnet. TCS then stated that it would subpoena Mr. Guionnet sometime in January, and would send me a draft subpoena in the first week in January—over two weeks later. I stated my objection to the unnecessary delay and the fact that a subpoena could be drafted in thirty minutes, especially because Epic already drafted a subpoena with document requests and served it as part of the Motion for Expedited Discovery.

       g.       TCS took the position that only trade secret documents were relevant to the expedited discovery process. I questioned regarding a factual scenario where TCS employees stole Epic confidential documents and information, and then used that information in TCS's Med Mantra software. TCS responded that such a situation would not be covered by the expedited discovery in this case.

       h.       The parties agreed that the Rule 26(f) conference was not complete, and scheduled a follow-up telephone call for the next day December 23.

6.       On December 23, 2014, the parties continued the telephonic Rule 26(f) conference. Substantially the same counsel for both parties were on the phone. TCS's positions changed somewhat from the day prior in the following manner:

       a.       TCS agreed to subpoena Mr. Guionnet without waiting until January and provided a draft subpoena before the telephone call that day.

       b.       TCS discussed the scope of the document requests to some extent, no longer requested narrowed requests before discussing the issues, and proposed that it would send search terms and a list of custodians to Epic prior to its document search.

  c. During the discussion on search terms and custodians, I stated that Epic would review proposed terms and custodians, but that we were not in the position to have knowledge regarding the appropriate terms and custodians, which can only be determined through interviews with the relevant TCS employees, and leads stemming from those interviews regarding additional witnesses and terminology used.  I also stated that an electronic search was not on its own sufficient, and we expect in-person interviews and searches of the relevant witnesses.

  d. TCS agreed to provide the three TCS witnesses for deposition by video, assuming that a video deposition complies with Indian law, and that he would let us know whether such problems existed.

  e. TCS stated that it planned to serve its own discovery.  I responded that we would not agree to a temporary stay on non-expedited discovery without seeing what would be requested by TCS, and I requested that TCS informally let me know what it needs so that TCS can meet its discovery obligations.

  7. On December 29, 2014, Epic produced two large spreadsheets to TCS in native form.  The first spreadsheet including a list of every document downloaded by Mr. Gajaram's account.  The second document is a log of download dates, times, and IP addresses so that TCS could determine when each document was downloaded, and determine the IP address used to download each document.  Both documents were produced with no confidentiality designation to facilitate TCS's ability to search for these documents.

  8. On January 6, 2015, I engaged in several email exchanges with TCS's counsel Philip Robben regarding the Joint Rule 26(f) Report due to be filed that day.  In those emails, we both stated each party's position on various issues regarding the timing of document productions,

4

the timing of depositions, and aspects of the case schedule.  The disputed issues were then detailed in the Joint Report with each parties' positions on disputed areas identified in the report.

9. To date, TCS has not produced one document, has not informed Epic of the current location of the three witnesses for video deposition, has not informed Epic whether video depositions have been confirmed as acceptable, has not provided available dates for the three witnesses, had not provided a list of search terms and custodians for its electronic document search until only minutes before this motion was filed, and only in response to learning yesterday that this motion was forthcoming.

10. On January 13, 2015, I sent an email to Philip Robben and other counsel for TCS stating that Epic intends to file a motion to compel as suggested by the Court during the telephonic Scheduling Conference on January 9, 2015 explaining the relief Epic will seek, and stating that the meet and confer process was completed by (1) the two telephone conferences on December 22-23, (2) the email communications regarding the Joint Report, and (3) the January 13 email stating the disputed issues and inviting a further telephone call if required.  The email is attached as **Exhibit D**, which is part of the email chain containing Mr. Robben's response.

11. Attached as **Exhibit E** is a January 14, 2015 letter from P. Robben to N. Saros.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 14th day of January, 2015, in Los Angeles, California.

/s/ *Nick G. Saros*
By: Nick G. Saros

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2015, I caused a true and correct copy of the foregoing Declaration of Nick G. Saros in Support of Epic Systems Corporation's Motion to Compel Compliance with Court Order to be served on all counsel of record via the Court's ECF filing system.

<u>/s/ <em>Nick G. Saros</em></u><br>By: Nick G. Saros