# EXHIBIT D

**Spelman, Kate T.**

| | |
|---|---|
| **From:** | Robben, Philip [PRobben@KelleyDrye.com] |
| **Sent:** | Tuesday, January 13, 2015 4:25 PM |
| **To:** | Saros, Nick; Long, David; Byroade, Melissa E. |
| **Cc:** | Caslin, Brent; Spelman, Kate T. |
| **Subject:** | RE: Epic v TCS |

Dear Nick,

We disagree with the premise of your e-mail. Epic has no legitimate grounds for a motion because TCS has complied with all discovery requirements, and TCS reserves all rights in connection with any motion Epic may make.

The transcript of the December 8, 2014, hearing makes clear that the Court was resolving Epic's motion by ordering that the Rule 26(f) conference be held on or before December 23. The conference, held in two sessions on December 22 and 23, complied with the Court's order. Although Epic appears to think that TCS was required to immediately start producing documents, the transcript shows that the Court was not expecting discovery to go forward any sooner than late January into February: "we could maybe get this discovery taken in January.  But I'll tell you right now it's not going to happen any earlier than late January. It might even be February ...." (Tr. 10:11-14.) The precise schedule was left to Epic and TCS to negotiate. During the January 9 conference, the Court made it clear that the parties should continue to seek resolution of the remaining issues outlined in the Rule 26(f) report.  We have proposed a schedule that comports with the Court's directions and is realistic given the time allotted: a rolling production starting no later than January 30 with the goal of finishing the production by February 13. As I mentioned to you when we spoke, and in TCS' sections of the Rule 26(f) conference report, we propose to handle the first wave of discovery by means of word searches in the e-mail and related electronic files of the people who would be expected to have documents responsive to Epic's document requests (to the extent there are any responsive documents). We have been working on our proposal in this regard and will send it to you no later than tomorrow.

As to your specific requests:

1. Your request for "all of Mr. Guionnet's emails in TCS's possession" is plainly overbroad and burdensome. Epic does not have a right to the production of all of Mr. Guionnet's e-mails regardless of subject matter. Subject to our objections to Epic's document requests that we will serve when they are due, we do intend to search Mr. Guionnet's e-mails for responsive documents and to produce them as proposed above.

Not surprisingly, we don't agree that Mr. Guionnet's e-mails "have become even more significant considering the factual information he provided in his recent objections". Rather, Mr. Guionnet's recent rambling objections demonstrate, if anything, that he's an unreliable source. In any event, we intend to make a motion to compel Mr. Guionnet's compliance with the subpoena as all of our attempts to communicate with him about the subpoena have been ignored.

2. The deadlines we have proposed, noted above, are what we believe is manageable in the time allotted for a first phase of discovery that touches on Epic's potential preliminary injunction issues.

3. We will propose dates for the depositions of these witnesses. We understood that you wanted to depose them after you received TCS' first phase document production. Please indicate whether or not you are now seeking to take these depositions sooner.

In addition, although you have not supplied the password I requested on January 8, 2015, we have had a chance to review the lists of allegedly downloaded documents you provided to us. Please tell us what each column represents in each spreadsheet. Without that information, the data is of limited use.  Nevertheless, a quick glance at the list of documents strongly suggests that they are documents of the type that would be directly relevant to TCS' work for Kaiser, which undercuts a major theme of Epic's press for quick discovery. In light of this, and the fact that Mr. Guionnet's recent correspondence shows that he is an unreliable source of information, we think it is critical that Epic comply with the Court's directions on December 8 that it proffer more details concerning the files. (Tr. at 6:12-7:9, 13:8-14.)

Finally, with respect to TCS' discovery requests directed to Epic, the document requests and interrogatories were designed to help understand details regarding the documents that form the basis for Epic's claims and that would presumably form the basis for Epic's potential preliminary injunction motion.  We ask that you meet and confer with us as soon as possible to the extent you anticipate having objections to TCS' discovery requests.


Regards,

Philip



Philip Robben

Kelley Drye & Warren LLP
+1 (212) 808-7726 | probben@kelleydrye.com

---

**From:** Saros, Nick [mailto:NSaros@jenner.com]
**Sent:** Tuesday, January 13, 2015 1:41 PM
**To:** Robben, Philip; Long, David; Byroade, Melissa E.
**Cc:** Caslin, Brent; Spelman, Kate T.
**Subject:** Epic v TCS

Philip,

I write regarding the current state of discovery by TCS in light of Epic's motion for expedited discovery.  The Court's December 8 Order required TCS to produce documents and present witnesses in a far more urgent time frame than TCS has presented.  TCS has, in short, produced no discovery but instead raised a series of excuses.

The Court invited Epic to raise these issues with him in the form of a motion, which we intend to do.  We request that TCS (1) immediately produce all of Mr. Guionnet's emails in TCS's possession, which have become even more significant considering the factual information he provided in his recent objections and the likely delay in receiving documents from him; (2) agree that TCS's initial production under the December 8 Order be completed by January 30; and (3) provide witness locations and available deposition dates for Mssrs. Gajaram, Anandham, and Gunasekaram in February.

Please let us know as soon as possible if you agree to the above, and no later than tomorrow at 3pm EST.  I believe that we've properly met and conferred on these issues during our Rule 26(f) conference on December 22-23, through our emails regarding the Joint Report, and this email.  If you would like to discuss further, I can be available later today or tomorrow morning for a discussion.

---

**Nick Saros**

**Jenner & Block LLP**
633 West 5th Street
Suite 3600, Los Angeles, CA 90071  |  jenner.com
(213) 239-5175 | TEL
(213) 239-5185 | FAX
NSaros@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.