UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION, a
Wisconsin Corporation;
                          Plaintiff,

v.

TATA CONSULTANCY SERVICES
LIMITED, an Indian Corporation;
and TATA AMERICA INTERNATIONAL
CORPORATION (dba TATA AMERICA), a
New York Corporation;
                          Defendants.

Case No. 14-cv-748-wmc

Philip D. Robben declares, pursuant to 28 U.S.C. § 1746, that:

1.      I am a member of the firm Kelley Drye and Warren LLP, attorneys for Defendants Tata Consultancy Services Limited and Tata America International Corporation ("Tata America"). I make this declaration in opposition to the Motion to Compel Compliance With Court Order (Dkt. 31, the "Motion") filed by Plaintiff Epic Systems Corporation ("Epic"). I am admitted to practice in this District.

2.      At the very start of this action, Epic filed a motion seeking the Court's permission to conduct expedited, unilateral discovery. (Dkt. 4.) Epic's argument for expedited discovery was its suspicion that TCS used certain documents allegedly downloaded from an Epic website in the development of a purportedly competing software product called Med Mantra. On December 8, 2014, the Court took up Epic's motion for expedited discovery. The Court granted the motion in part but also denied it in part. Other than setting an early deadline for the parties to conduct their Rule 26(f) conference, the Court did not otherwise set a discovery schedule, nor did the Court permit Epic to immediately serve the document requests it had annexed to its

motion for expedited discovery. Instead, the Court left the details of the schedule, including the details of *bilateral*, early discovery on preliminary injunction topics, up to the parties to decide to the extent possible. (A true and correct copy of the transcript of the hearing held in this action on December 8, 2014 is attached hereto as Exhibit A.)

3. Epic's Motion argues that TCS has not complied with its discovery obligations. But, this is not the case.

4. TCS has attempted to engage in good faith negotiations aimed at reaching agreement on the scope and timing of an initial, targeted discovery phase aimed at developing a record against which the Court could evaluate a motion for a preliminary injunction.

5. Given the truncated timeline, TCS has proposed to search the emails of six employees using search terms designed to turn up documents that would shed light on the validity of Epic's key allegation — *i.e.*, whether or not TCS used any downloaded Epic documents in the development of Med Mantra. (A true and correct copy of my letter to Epic's counsel dated January 14, 2015, setting forth TCS's proposed custodians and search terms, is attached hereto as Exhibit B.) Three of these employees, Ramesh Gajaram, Aswin Kumar Anandhan, and Shankari Gunasekaran, are the employees Epic alleges engaged in wrongful downloading (or may have). Two of the employees, Vijaya Saradhi Badipatla and Dr. MVK Sarma, are the former and current project managers for the Med Mantra project. TCS also proposes to search the emails of Philippe Guionnet the TCS employee and alleged informant that appears to have instigated this lawsuit. The collection and review of these custodians' emails is well underway. Epic has not responded in substance to the January 14 letter.

6. TCS has also taken steps to obtain the documents Mr. Guionnet claims to have that allegedly substantiate Epic's claims in this action. Specifically, TCS served a subpoena on

Mr. Guionnet. The subpoena was issued on December 24, 2014 and a process server was able to locate and serve Mr. Guionnet on December 29, 2014. (True and correct copies of the subpoena and certificate of service are attached hereto as Exhibit C.)

7. In response to the Subpoena, on January 5, 2015, Mr. Guionnet sent confusing and inflammatory e-mails purporting to object to the Subpoena. (Copies of the e-mails Mr. Guionnet sent on January 5 are annexed hereto as Exhibits D and E.) Mr. Guionnet sent similar emails on January 6, 2015, one of which is annexed to Mr. Saros's January 14, 2015 declaration as Exhibit B.

8. On January 6, 9, and 12, 2015 I wrote to Mr. Guionnet to request that he contact me to discuss the subpoena. Mr. Guionnet has been unwilling to cooperate, and has ignored my attempts to contact him. Accordingly, today, January 21, 2015, TCS filed a motion to compel Mr. Guionnet's compliance with the subpoena in the U.S. District Court for the Central District of California, which is the district in which Mr. Guionnet resides.

9. On December 29, 2014, Epic produced two spreadsheets to TCS. I understand from Epic's counsel's representations that the spreadsheets listed all of the files allegedly at issue in this action along with certain information about the alleged downloading of the files. To the best of my knowledge, neither spreadsheet highlights or otherwise specifically indicates the documents at the heart of Epic's case (*i.e.*, the documents that it claims TCS used, or may have used, in the development of Med Mantra). On January 15, 2015, Epic provided certain information necessary to render the data in the spreadsheets meaningful. (A copy of a January 15 email from Epic's counsel is attached hereto as Exhibit F.)

10. At the December 8, 2014 hearing, the Court ordered that the parties conduct their Rule 26(f) conference no later than December 23, 2014. On December 12, 2014, Epic's counsel

NY01\ByroM\3821943.3

proposed that the Rule 26(f) conference take place on December 18 or December 19. On December 16, 2014, TCS's counsel proposed that the Rule 26(f) conference go forward on December 22. Epic's counsel agreed to hold the conference on December 22, and a second session was held on December 23. (A true and correct copy of email correspondence between my firm and counsel for Epic regarding the scheduling of the parties' Rule 26(f) conference is attached hereto as Exhibit G.)

11. Although Epic has indicated that it will likely issue a subpoena to Kaiser Foundation Hospitals, Epic has not issued a subpoena to Kaiser.

12. On January 13, 2015, the day before Epic filed the Motion, Epic's counsel sent me an e-mail in which he requested (for the first time) the production of Mr. Guionnet's entire e-mail mailbox. Epic's counsel did not thereafter attempt to meet and confer with TCS regarding this request before filing the Motion. (A true and correct copy of email correspondence between myself and counsel for Epic dated December 13, 2014 is attached hereto as Exhibit H.)

13. On January 7, 2015, TCS served discovery requests and interrogatories on Epic in order to seek early discovery of facts relevant to its opposition to Epic's threatened preliminary injunction motion, including facts regarding Epic's allegation that TCS used Epic information in connection with Med Mantra. (A true and correct copy of these discovery requests are attached hereto as Exhibits I and J.) Epic's response to these requests is currently due on February 6, 2015.

14. I declare under penalty of perjury that the foregoing is true and correct. Executed on January 21, 2015.

_____
Philip D. Robben