# EXHIBIT E

| From: | philippe guionnet <pguionnet@msn.com> |
|---|---|
| Sent: | Tuesday, January 06, 2015 8:03 PM |
| To: | p.guionnet@tcs.com; Suprakash Mukhopadhyay; Ajoy Mukherjee; S Kant; Satya Hegde; R Gopinathan; s.narasimhan@tcs.com; Robben, Philip; purplefeng@outlook.com; alexejun@quarles.com; Byroade, Melissa E.; bcaslin@jenner.com; Long, David; bneider@staffordlaw.com; kgn@quarles.com; nsaros@jenner.com; mjahn@quarles.com; kspelman@jenner.com; aat@quarles.com; mvergeront@staffordlaw.com; Becker, Andreas; philippe guionnet |
| Subject: | RE: written objection to Subpoena - request for Quashing or modifying |

I looked for some advice, I did not find any valid argument that prevent me from sending those 2 emails
regards

---

Subject: Re: written objection to Subpoena - request for Quashing or modifying
From: p.guionnet@tcs.com
Date: Mon, 5 Jan 2015 21:32:32 -0500
To: pguionnet@msn.com; suprakash.mukhopadhyay@tcs.com; ajoy.mukherjee@tcs.com; s.kant@tcs.com; satya.hegde@tcs.com; r.gopinathan@tcs.com; s.narasimhan@tcs.com

See below

---

**From:** philippe guionnet [pguionnet@msn.com]
**Sent:** 01/05/2015 05:20 PM PST
**To:** P Guionnet; philippe guionnet <pguionnet@msn.com>
**Subject:** written objection to Subpoena - request for Quashing or modifying

<span style="color:red">

See below my written objection.

It is my intent to send this document to attorneys of both parties tomorrow.
Please respond by Tomorrow January 6th, **no later** than 1 pm EST (10 am PST, end-of-day in India) if you think you have a valid legal objection that you can substantiate for not sending to Epic Attorneys or if you request some changes in this document; please be specific if you have specific concerns and itemize the items subject to objection and/or modification.

I can be reachable by phone, if needed, by TCS only (i.e. head of HR, Head of Legal, etc.), but not to external lawyers; if needed, please confirm by email a reasonable time (before 1 pm EST) and I will join the call.

</span>

1) **Subpoena - Objections**
I am in receipt of your Christmas Subpoena.
Indeed, I believe I may have hundreds (maybe thousand) of documents related to your subpoena.

As set forth in Rule 45, I hereby serve on the party TCS a written objection to providing the documents at the given date and a request for Quashing or Modifying the Subpoena, at the Court discretion.

I have hereby copied several TCS executives, and I assume in good faith that it satisfies to the serving obligation; if I am mistaken or if I omitted important procedural element, please let me know.

**Attention EPIC ATTORNEYS**: as a precaution, you should treat this document first as "Outside Counsel Eyes Only"; remove the mention only after careful consideration if/when appropriate and coordinate with TCS attorneys if/when appropriate for this matter.

2) **Undue Burden**
   While I am in agreement in principle to produce the documents requested (to the extent of my ability), your due date of 1/9/2015 subjects me to an Undue Burden; you seem to ask me to produce in few days what possibly will take few months; this is unreasonable, abusive and excessive.

   As a point of reference, I have probably received over 35,000 documents while at TCS (very conservatively 80 emails per day times 22 days times 20 months).
   I have probably sent over 8000 emails myself (extremely conservatively 20 emails per day times 22 days times 20 months).
   The number of additional notes, prints and hand-written documents is unknown.

   My filing system is not organized according to the categories "Epic" or "MedMantra" and no keyword search that I am aware of would significantly accelerate the search in a reliable and exhaustive fashion;

   The scope of your subpoena is so broad that it may involve a large portion of my total documents (i.e. related to Care Delivery, Strategy, Innovation, MedMantra, Architecture, Infrastructure, Security, Hospitals, Regions, Tapestry, Membership, Analytics, Financial Services

   I will most certainly need to open tens of thousands of documents that are often multi-pages and include multi-pages attachments), read them, assess if they are "related", assess if there is possibly additional "communication" (as you have defined) and then copy them; it would take additional time if I had to organize them by the categories you are requesting.

   I don't have a filing system for notes, prints and hand-written documents nor am I really sure what I kept and where, and finding them will require some additional time.

   In addition, I claim that I have the same rights (or more), same reasons (or more), as legitimate (or more) as TCS, which makes, in one of its Court document, a similar argument against EPIC:
   *"Third, the inevitable result of cramming into a space of weeks tasks that would normally play out over a course of months unjustifiably increases TCS litigation costs and the risk of prejudicial errors in rushing to comply with expedited discovery at the very outset of the case. Indeed, the precise reason the rules preclude discovery at the outset of the case is to protect defendant from unwarily incriminating themselves before they have a chance to review the facts of the case and to retain counsel".*

3) **Request for Quashing or Modifying Subpoena**
   As set forth in Rule 45, I hereby serve on the party TCS and/or its attorneys a written objection to providing the documents at the given date and a request for Quashing or Modifying the Subpoena, at the Court discretion, for the following reasons:

   TCS requested to produce in few days what may take few months.

   TCS did not fulfil its duty to take reasonable steps to avoid imposing <u>undue burden</u> on me as set forth in Rule 45.

   TCS failed to allow me a reasonable time to comply as set forth in Rule 45.

   TCS did not show a substantial need or urgency nor did it show that the material would not be otherwise be available; on the contrary, tens of thousands of the digital documents that need to be searched are already in TCS possession; furthermore, TCS has/had virtually unlimited resources to search and look at them.

I had notified TCS multiple times about those matters, including (but not only) 7 months ago and before, TCS then hired an outside "investigator/lawyer" and had ample time to search and review those documents, with virtually unlimited resources.
The lawsuit was filed in October so TCS had ample time since, to search and review those documents with even more resources available.

Actually, it is not unthinkable that TCS has **already** gone through those documents and is making the request for ulterior motives.
Actually, it is not unthinkable that TCS has set up an unrealistic due date to overwhelm me and cause stress **because** TCS does **not** want me to produce those documents or wants me to produce an incomplete account of Information.

The request is malicious; TCS could not ignore the undue burden to search through thousands of documents in such a short time, while there is no urgency, and even though TCS has already most them in its possession; the Subpoena was issued during the Christmas holidays (to cause stress and chaos) and included an unrealistic due date in order to cause in particular (but not only) stress and intimidation and was driven by ulterior motives.

In the eventuality the Court chooses to Modify the Subpoena, I request that sufficient time be allowed to me to "serenely" search in order to comply, not under stress and certainly not full time.

The scope of the subpoena is so broad that I will most certainly need to:
- open tens of thousands of documents that are often multi-pages and include multi-pages attachments
- read them
- assess if they are "related",
- assess if there is possibly additional "communication" (as you have defined)
- copy them
- etc

It will most certainly take me on average several minutes for each document, some maybe tens of minutes.
I should not be subject to a undue burden greater than 1-2 hours a day, four days a week.

It would take additional time if I had to organize them by the categories mentioned; I request the Court to wave that requirement in order to save time.

It will take additional time to search for notes, prints, and-written documents and other Communication and Information. I request the Court to allow additional time for that.

In addition, I claim that I have the same rights (or more), the same reason (or more), as legitimate (or more) as TCS, who makes, in one of its Court document, a similar argument against EPIC:
*"Third, the inevitable result of cramming into a space of weeks tasks that would normally play out over a course of months unjustifiably increases TCS litigation costs and the risk of prejudicial errors in rushing to comply with expedited discovery at the very outset of the case. Indeed, the precise reason the rules preclude discovery at the outset of the case is to protect defendant from unwarily incriminating themselves before they have a chance to review the facts of the case and to retain counsel".*

4) **Request for sanctions**
As set forth in Rule 45, "the Court for the district where compliance is required must enforce this duty (undue burden) and impose an appropriate sanction-on a party or attorney who fails to comply".

I request the Court to enforce duty on TCS and impose sanctions for reasons mentioned above in 2) and 3) and to give notice to TCS so that they do not attempt again.

I request the Court to enforce duty and impose sanctions on TCS attorneys Kelle Drye & Warren LLP, represented by Melissa Errine Byroade in this Subpoena, who were negligent and did not take reasonable

steps to avoid imposing burden and/or misrepresentations, attempted to intimidate what they called "a key witness", and for reasons mentioned in 2) and 3) above.
They did not perform a basic and required due diligence to validate the facts easily available to them, at the risk of misleading the Court;
Considering the caliber, reputation and amount of resources of the Law Firms retained by TCS, the Court should enforce this duty and impose an appropriate sanction on both the party and the attorneys.

5) **Request for securing existing compensation**
   As set forth in Rule 45: "*ensures that the subpoenaed person will be reasonably compensated*"…

   I request the Court to guarantee and secure my existing compensation at TCS (flexible portion- "bonus"), at the same level awarded in April 2014.

   As a reminder, I have been put on Administrative Leave in May 2014 in retaliation for being a whistleblower (after a long period of threat, intimidation, humiliation, retaliation, etc., duly documented) in breach of California and Federal laws, even though TCS rated me and awarded me at the highest possible level in April 2014 for exceptional yearly performances; as a "punishment", TCS is not allowing me to earn my flexible compensation and is creating, directly and indirectly, threat about my employment.

   TCS has made threats, directly and indirectly, on my compensation, employment and reputation, has made false representation to the Court and in public documents regarding my tenure on the Kaiser Account (which was until May 2014 and not "sometimes in 2013"), has made false representation to the Court and in public documents about my tenure, occupation and performances (even though they rated me and awarded me at the highest possible level for my yearly performances, as recently as April 2014).

   TCS is virtually holding this compensation hostage (as well as employment and reputation) as a mean of threat and intimidation, including Undue Burden, to influence my behavior and the outcome of this Lawsuit.

   It would be unfair to subject me to undue burden and force me to spend several hours a day on a subpoena that is clearly out of my job description, without showing a minimum of good faith and recognition of efforts; it would be unfair to keep my compensation hostage at the risk of influencing the lawsuit outcome.

   It should please the Court and the parties and make business sense that I take a portion of undue burden in order to accelerate the production of documents, and be "rewarded an existing compensation" for that undue burden; it would save the Court some time and would create substantial savings in Legal fees & other costs to both TCS and EPIC; realistically, the amount is certainly less than what TCS and EPIC may spend in Legal fees in just one day.

   The Court might consider imposing the decision on TCS as well as requesting Epic to participate, in the context of Rule 45, considering that the search of the documents answers some of their own requests, in full or in part, and will significantly saves them costs, including Legal fees.

6) **Margin of error**
   I am overwhelmed and seriously stressed by the whole situation, by the threats and intimidations, by the request and the astronomical (thousands or tens of thousands) number of documents I need to search (not counting the boxes I need to go through) and the Information that are no longer fresh in my mind;

   I am asking the Court to allow for a reasonable margin of error in my ability to produce "all" documents, Communication and Information and to allow for production of documents and Information up to the Trial date, considering the astronomical volume of Information involved and my less-than-perfect filing situation.
   I am unsure that I can provide perfection in this matter, considering in particular the definitions provided (copy below) and the astronomical number of Information.

   The definition of "Relating" in the Subpoena may cause to search and produce thousands or tens of thousands of document, communication and Information.

*("having connection, association, or concern with, or any relevance, relation, pertinence, or applicability to, or any implication for or bearing upon the subject matter of the request and is construed to include summarize, constitute, refer, reflect, pertain, contain, study, analyze, consider, involve, explain, evidence, mention, support, contradict, show, discuss, describe or comment upon")*

The definition of "Document" in the subpoena may cause to search and produce thousands or tens of thousands of Information *("including without limitation, all writing and other material described in Rule 34(a) of the Federal Rules of Civil Procedure, wheter printed or recorded or produced or reproduced by any other mevhanical or electronic process, including, without limitation, any information contained in any computer or word processing system, whether or not yet printed")*.

The definition of "Communication" in the Subpoena may cause to search and produce thousand or tens of thousands of Information *("transmittal of information, including each and every written, recorded or graphic matter or material of any kind, type, nature, or description, (whether in tangible hard copy, printed, or electronic form) that is or has been in your possession, custody, or control, including all hard copy documents, correspondence, memoranda, tapes, stenographic or handwritten notes, forms of any kind, chart, blueprints, drwaings, sketches, graphs, plans, specifications, diaries, letters, photographs, contracts, agreements, electronic mail, Blommberg messages, instant messages, calendars, appointment books, computer files, computer printouts, data compilation of any kind, facsimiles, invloices, report, summaries, surveys, indices, books, notebooks, recordings, films, video tapes, audio tapes, CDs, computer disks or diskettes, and also including draft or copies of any of the foregoing that contains any notes, comments, or marking of any kind not found on the original documents or that are otherwise not identical to the original documents")*

I agree that I may have documents and Information significantly material to this lawsuit and I am willing to cooperate.

I am requesting the Court to allow me reasonable time to comply but also time to re-familiarize myself with the subject matter, in a serene environment, with my compensation secured, and free of threat and/or intimidation.

Regards
PG

=====----=====----=====

Notice: The information contained in this e-mail message and/or attachments to it may contain confidential or privileged information. If you are not the intended recipient, any dissemination, use, review, distribution, printing or copying of the information contained in this e-mail message and/or attachments to it are strictly prohibited. If you have received this communication in error, please notify us by reply e-mail or telephone and immediately and permanently delete the message and any attachments. Thank you