# EXHIBIT I

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| EPIC SYSTEMS CORPORATION, a Wisconsin Corporation;<br><br>                    Plaintiff,<br><br>        v.<br><br>TATA CONSULTANCY SERVICES LIMITED, an Indian Corporation; and TATA AMERICA INTERNATIONAL CORPORATION (dba TATA AMERICA), a New York Corporation;<br><br>                    Defendants. | Case No. 14-CV-748 |

**DEFENDANTS' FIRST SET OF DOCUMENT
REQUESTS TO PLAINTIFF EPIC SYSTEMS CORPORATION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Tata Consultancy Services Limited and Tata America International Corporation, by their attorneys Kelley Drye & Warren LLP, request that Plaintiff Epic Systems Corporation produce for inspection and copying at the offices of Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, within thirty (30) days from the date of service of this request for production of documents (the "Document Requests"), the following documents and materials, as more fully set forth and in accordance with the definitions and instructions below.

**DEFINITIONS**

1.      The term "communication" means the transmittal of information in any form.

2.      The term "Complaint" means the Complaint in this action dated October 31, 2014 (Dkt. 1).

3.      The term "document" is synonymous in meaning and equal in scope to the usage of the term "document" or "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

4.      The terms "Epic", "You", or "Yours" as used herein shall refer to Epic Systems Corporation as well as any predecessor, successor or affiliated entities, and its current and former officers, directors, employees and agents.

5.      The term "Kaiser" as used herein shall refer to Kaiser Foundation Hospitals as well as any predecessor, successor or affiliated entities, and its current and former officers, directors, employees and agents.

6.      The term "Med Mantra" as used herein shall refer to the software owned and developed by TCS as referred to in the Complaint.

7.      The term "person" means any natural person or any business, legal or governmental entity or association.

8.      The term "concerning" means in connection with, constituting, analyzing, connecting, containing, describing, discussing, embodying, evidencing, reporting or commenting on, inquiring about, setting forth, explaining, identifying, stating, considering, referring to, mentioning, alluding to, or in any way pertaining to, in whole or in part or having any logical or factual connection whatsoever with the subject matter in question

9.      The term "TCS" as used herein refers to Tata Consultancy Services Limited and Tata America International Corporation as well as any predecessor, successor or affiliated entities, and their current and former officers, directors, employees and agents.

10.      The term "UserWeb" as used herein shall refer to Epic's UserWeb portal as referred to in the Complaint.

2

## GENERAL INSTRUCTIONS

1.      The provisions of Fed. R. Civ. P. 26 and 34 are incorporated by reference.

2.      These Document Requests cover all information in Epic's possession, custody, or control, including, but not limited to, information in the possession of Epic's employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by Epic, or anyone else acting on Epic's behalf or otherwise subject to Epic's control.

3.      If any Document Request cannot be complied with in full, it should be complied with to the extent possible, and an explanation should be provided as to why full compliance is not possible.

4.      These Document Requests shall be interpreted to be inclusive rather than exclusive.

5.      These Document Requests should be construed independently and not by reference to any other Request for the purpose of limitation.

6.      In the event that Epic contends that any of these Document Requests are objectionable, in whole or in part, Epic shall state with particularity each such objection and the basis therefore, and shall produce documents and materials responsive to the remainder of the Request to the extent that Epic is not objecting to it.

7.      If objection is made to producing any document, or any portion thereof, or to disclosing any information contained therein, in response to any Request on the basis of any claim of privilege, provide a statement setting forth the information required by Fed. R. Civ. P. 26(b)(5)(A).

8.      A complete original or copy of each document or thing must be produced, even though only a portion of such document or thing is responsive to one of the numbered requests

3

contained herein. Documents shall not be edited, cut, redacted (except where a claim of privilege is asserted with respect to a portion of a document) or expunged and shall include all attachments, appendices, tables and exhibits and all covering memoranda, letters or documents.

9.      With respect to each document otherwise responsive to this request that has been lost, discarded or destroyed, identify (a) each author; (b) each addressee; (c) the date, title and subject matter of the document; (d) the date of the disposal; (e) the manner of the disposal; (f) the reason for the disposal; (g) each person who authorized the disposal; (h) each person who carried out the disposal; and (i) each person with any knowledge concerning the disposal.

10.      Unless otherwise agreed by the parties, Epic shall produce all documents in .tiff format with an accompanying Concordance load file. TCS reserves the right to request that certain documents be produced in their native form, including but not limited to Microsoft Excel files. TCS requests that certain metadata be produced as appropriate for the file type, including sender, recipient(s), subject, document type, custodian, file creation date, file modification date, access date, file path and folder information.

11.      The terms "and" and "or" as used herein shall include each other within their meaning, whether both are referenced or otherwise.

12.      The use of the singular form of any word includes the plural and vice versa.

13.      "Including" and "includes" shall be construed as referring only to an incomplete listing of illustrative examples and not as limiting or narrowing the generality of any definition, instruction or request.

14.      In accordance with Fed. R. Civ. P. 26, these Requests are continuing in nature and require you serve a supplemental production in a timely manner in the event that you obtain or discover additional information or documents after the documents requested herein are produced.

4

## DOCUMENT REQUESTS

1.      All documents concerning TCS's purported access to, or downloading of, documents and information from Epic's UserWeb, including all documents relating to Epic's investigation of same.

2.      All documents concerning TCS's alleged destruction or deletion of any Epic documents or information, or destruction of any communications regarding Epic documents or information.

3.      All documents concerning measures Epic has undertaken to protect alleged confidential or trade secret information from disclosure to TCS or any other person, including electronic storage locations, compartmentalization of information, efforts to police disclosure of information, external access controls, permission level protocols, login authentication, registration protocol, and protocols relating to passwords.

4.      All documents concerning the allegations in the Complaint that TCS used documents or information downloaded from UserWeb in the design, development or enhancement of Med Mantra.

5.      All documents concerning whether Med Mantra is "competing software" in relation to any Epic product.

6.      All documents concerning any non-privileged communications Epic has had with any person regarding this litigation or the subject matter of this litigation, including documents sent to or received from Kaiser or Philippe Guoinnet.

7.      All  documents that Epic contends give rise to any obligation on TCS's part with respect to the confidentiality of Epic's information.

5

8.     All documents or communications relating to TCS allegedly obtaining and using access credentials for Epic's UserWeb.

9.     Documents sufficient to show the registration process for access to Epic's UserWeb at the time of each alleged improper registration, access, or attempted access by TCS personnel.

10.     All documents concerning the Standard Consulting Agreement between Epic and TCS as referred to in the Complaint, including all documents concerning either party's performance of its obligations under that Agreement.

11.     The Agreement entered into between Epic and Kaiser as referred to in the Complaint, as well as any amendments, exhibits, or addendums to that Agreement.

12.     All documents identified in, or relied on in connection with, Epic's responses to any interrogatories served by TCS on Epic, to the extent not produced in response to any of the above requests.

Dated: January 7, 2015

By: _____
Philip D. Robben
Melissa E. Byroade
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Email: probben@kelleydrye.com
Email: mbyroade@kelleydrye.com
Phone: (212) 808-7800
Fax: (212) 808-7897

David W. Long
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street NW
Washington, D.C.  20007
Email: dlong@kelleydrye.com
Phone: (202) 342-8400
Fax: (202) 342-8451

*Attorneys for Defendants Tata Consultancy Services Limited and Tata America International Corporation*