# EXHIBIT J

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EPIC SYSTEMS CORPORATION, a Wisconsin Corporation;<br><br>        Plaintiff,<br><br>v.<br><br>TATA CONSULTANCY SERVICES LIMITED, an Indian Corporation; and TATA AMERICA INTERNATIONAL CORPORATION (dba TATA AMERICA), a New York Corporation;<br>        Defendants. | Case No. 14-CV-748 |

### DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF EPIC SYSTEMS CORPORATION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Tata Consultancy Services Limited and Tata America International Corporation, by their attorneys Kelley Drye & Warren LLP, Interrogatory that Plaintiff Epic Systems Corporation answer the following in writing within thirty (30) days from the date of service of these Interrogatories (the "Interrogatories"), as more fully set forth and in accordance with the definitions and instructions below.

### DEFINITIONS

1. The term "Complaint" means the Complaint in this action dated October 31, 2014 (Dkt. 1).

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term "document" or "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

1

3. The term "Epic" as used herein shall refer to Epic Systems Corporation as well as any predecessor, successor or affiliated entities, and its current and former officers, directors, employees and agents.

4. "Identify," with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified, only the name of that person need be listed in response to subsequent queries requesting the identification of that person.

5. "Identify," with respect to documents, means to give, to the extent known, the type of document, the general subject matter, the date of the document, and the author(s), addressee(s), and recipient(s).

6. The term "Kaiser" as used herein shall refer to Kaiser Foundation Hospitals as well as any predecessor, successor or affiliated entities, and its current and former officers, directors, employees and agents.

7. The term "person" means any natural person or any business, legal or governmental entity or association.

8. The term "TCS" as used herein refers to Tata Consultancy Services Limited and Tata America International Corporation as well as any predecessor, successor or affiliated entities, and their current and former officers, directors, employees and agents.

## GENERAL INSTRUCTIONS

1. The provisions of Fed. R. Civ. P. 26 and 33 are incorporated by reference.

2. If any Interrogatory cannot be complied with in full, it should be complied with to the extent possible, and an explanation should be provided as to why full compliance is not possible.

2

3. These Interrogatories shall be interpreted to be inclusive rather than exclusive.

4. These Interrogatories should be construed independently and not by reference to any other Interrogatory for the purpose of limitation.

5. In the event that Epic contends that any of these Interrogatories are objectionable, in whole or in part, Epic shall state with particularity each such objection and the basis therefore, and shall respond to the remainder of the Interrogatory to the extent that Epic is not objecting to it. If the response to an Interrogatory consists in whole or in part of an objection based upon undue burden, then with respect to such response, Epic should state with particularity the process required to obtain a response to the Interrogatory and the estimated cost and time required to obtain such response.

6. If objection is made to disclosing any information responsive to these Interrogatories on the basis of any claim of privilege, provide a statement setting forth the information required by Fed. R. Civ. P. 26(b)(5)(A).

7. The terms "and" and "or" as used herein shall include each other within their meaning, whether both are referenced or otherwise.

8. The use of the singular form of any word includes the plural and vice versa.

9. "Including" and "includes" shall be construed as referring only to an incomplete listing of illustrative examples and not as limiting or narrowing the generality of any definition, instruction or Interrogatory.

10. In accordance with Fed. R. Civ. P. 26, these Interrogatories are continuing in nature and require Epic to serve supplemental or amended responses in a timely manner in the event that Epic obtains or discovers additional information after responding to the Interrogatories.

## INTERROGATORIES

1.     Identify each document allegedly downloaded by TCS that forms a basis for any claim against TCS, and provide the following for each document:

- (a) state when the document was downloaded, where the document was stored on Epic's system when it was downloaded, what access credentials were used to download the document and where the document was downloaded to;
- (b) state whether the document has previously been made accessible to any other person, including Epic's customers or to consultants retained by Epic's customers, and identify any such person;
- (c) state whether Epic contends that the document constitutes or contains trade secrets as defined in Wisconsin's Uniform Trade Secrets Act, Wis. Stat. Ann. § 134.90 (the "UTSA");
- (d) state whether Epic contends that the document constitutes or contains "Confidential Information", "Program Property", "Documentation", or "Code" as defined in the Standard Consultant Agreement referenced in the Complaint;
- (e) identify the trade secret or confidential disclosure allegedly contained in the document;
- (f) identify the remedy or remedies that Plaintiff contends it is entitled to with respect to the document;
- (g) identify all facts that Plaintiff contends form the basis for any remedy Plaintiff intends to seek with respect to the document; and

4

2. Identify each document Epic contends that TCS accessed or downloaded but did not require in order to perform job functions in support of Kaiser, as alleged in the Complaint, and for each document state the basis for Epic's belief that the document was not required by TCS in order to perform job functions in support of Kaiser.

3. State all facts that form the basis for Epic's contention that TCS caused Epic to suffer "loss" or "damage" within the meaning of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), and identify any documents supporting this contention.

4. State any misrepresentation or omission that forms the basis for Epic's claims for fraud and misrepresentation against TCS.

Dated: January 7, 2015

By: _____
Philip D. Robben
Melissa E. Byroade
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Email: probben@kelleydrye.com
Email: mbyroade@kelleydrye.com
Phone: (212) 808-7800
Fax: (212) 808-7897

David W. Long
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street NW
Washington, D.C. 20007
Email: dlong@kelleydrye.com
Phone: (202) 342-8400
Fax: (202) 342-8451

*Attorneys for Defendants Tata Consultancy Services Limited and Tata America International Corporation*