IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION,

       Plaintiff,       ORDER

 v.

                      14-cv-748-wmc

TATA CONSULTANCY SERVICES
LIMITED and TATA AMERICA
INTERNATIONAL CORPORATION d/b/a
TCA America,

       Defendants.

  In its most recent motion to compel, plaintiff Epic System Corporation seeks an order compelling a Rule 30(b)(6) deposition and documents concerning software developed for a health care company called "DaVita." (Dkt. #164.) As context, Epic alleges (and the evidence provided to the court to date appears to support a finding) that defendants Tata Consultancy Services Limited and Tata America International Corporation (collectively "Tata") improperly downloaded Epic materials and used those materials in their development of a competitive software product, Med Mantra. Despite representing that Med Mantra is an India-specific product, discovery to date has also demonstrated that: (1) Tata developed a software product for a health care company located in Denver, Colorado, named DaVita; (2) at least in its initial stages of development of the DaVita product, Tata used a Med Mantra laboratory software product; and (3) some internal Tata documents reflect defendants' intent to develop Med Mantra into a global company.

  Despite this, Tata maintains that DaVita is not relevant to the present case. While acknowledging that the lab solution for DaVita was developed using "the Med

Mantra laboratory module as a starting point" (Defs.' Opp'n (dkt. #190) 13), Tata contends that the DaVita software product was heavily customized based on that client's specific requirements and that the team working on the DaVita product was completely separate from the Med Mantra team, which is primarily working on software development for an Indian hospital, Apollo. As such, Tata contends that the documents are not relevant. To the extent that the documents may be relevant, Tata contends that the discovery would be duplicative of those document previously produced with repsect to Med Mantra.

The court held a telephonic hearing on this motion today, at which both parties appeared by counsel and two additional representatives from Epic appeared personally. For the reasons provided on the record and described in more detail here, the court granted the motion to compel. First, as to the relevance (or likely relevance) of the DaVita discovery, Epic has adequately connected Med Mantra to the DaVita software project. Moreover, if Epic can demonstrate that the DaVita software project benefited from documents improperly downloaded from Epic's confidential user website, then that fact would arguably be relevant to the scope of damages, among other possible issues or claims, since it shows use of Epic's proprietary information in development of a competitive product. Moreover, while the discovery sought may relate to Med Mantra, it does not appear to be duplicative of the requests previously made or the discovery previously produced. Even if it were duplicative, discovery to date justifies Epic's being allowed to confirm this. Finally, a review of the 30(b)(6) topics appear reasonable, relevant, and not unduly burdensome. Accordingly,

IT IS ORDERED that:

1) Plaintiff Epic Systems Corp.'s motion to compel (dkt. #163) is GRANTED.

2) Defendants Tata Consultancy Services Limited and Tata America International Corporation is ordered to produce the requested documents on or before December 14, 2015, and produce a person for a 30(b)(6) deposition by the week of December 21, 2015.

Entered this 20th day of November, 2015.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge