UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

EPIC SYSTEMS CORPORATION, a
Wisconsin Corporation,

        Plaintiff,

    v.

TATA CONSULTANCY SERVICES
LIMITED, an Indian Corporation; and TATA
AMERICA INTERNATIONAL
CORPORATION (dba TCS AMERICA), a
New York Corporation,

        Defendants.

Case No. 14-CV-748

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION FOR A
PROTECTIVE ORDER RE TCS'S COUNTERCLAIM DISCOVERY**

---

## INTRODUCTION

Epic seeks a protective order from the Court.  The order Epic seeks would postpone responses to TCS's counterclaim discovery until after the April 2016 trial on Epic's claims against TCS.  The protective order is sought on an expedited basis because TCS is pressing Epic to respond to its substantial counterclaim discovery requests during the remaining few weeks before the January 29, 2016 discovery cut-off, including as early as this coming Monday.

Epic has a pending request before the Court that TCS's counterclaims be severed and stayed.  TCS nevertheless insists that Epic respond to TCS's counterclaim discovery as if Epic's request to sever and stay the counterclaims was not on file.  In particular, unless the Court protects Epic from TCS's counterclaim discovery demands, TCS says that it will start showing up at 26 unilaterally scheduled depositions as early as next Monday, January 4, 2016, and "take defaults" on those depositions.  TCS is also demanding responses to 35 new document requests.

TCS's unreasonable demands are part of a clearly calculated strategy to disrupt Epic's attempts to spend the last few weeks of the discovery period gathering the critical discovery it has been seeking since this case began.  TCS first raised the specter of counterclaims on December 2, 2015 when it sent a letter to the Court threatening that "this suit will inevitably mushroom into a big, complex, litigation."  TCS is doing its best to make good on its threat, insisting now that 26 Epic witnesses appear for depositions beginning this Monday, at the same time Epic is deposing more than two dozen TCS witnesses, with many of those depositions to take place in India, and preparing its reply and opposition papers for summary judgment.  It is making these demands even though the Court already cautioned TCS that it is "just too late" for the parties to conduct discovery on TCS's recently-filed counterclaims.

As a result, Epic seeks a protective order from the Court on an expedited basis, so that Epic will not be required to respond to the counterclaim discovery until after the April 2016 trial

on Epic's claims against TCS.  What follows is a recitation of the background facts, followed by a short argument explaining why the protective order should be granted.

## BACKGROUND

For most of the past year, TCS has resisted discovery intended to uncover the facts relating to three key questions in this case:  Who accessed Epic's confidential information through the UserWeb?  Where was that information sent?  How was the confidential information used?  Because of TCS's refusal for many months to produce the information needed to answer those questions, as summarized briefly below, Epic must focus all of its efforts on discovering the facts underlying its claims against TCS over the next few weeks and not be disrupted with discovery on TCS's counterclaims at this very late date.  In spite of this obvious reality, TCS is insisting that the parties focus their attention on discovery related to TCS's recently-filed counter-claims.

## I.     TCS's Counterclaim Discovery Will Vastly Complicate the Case, as Threatened.

TCS filed its counterclaims with the obvious intent of complicating the case at a very late date.  TCS did this at a time when it should have been focused on producing the information Epic needs to prove its claims against TCS, which the Court has ordered TCS to do in no uncertain terms.

Nevertheless, on December 2, 2015, TCS's counsel wrote a letter to the Court (which the Court treated as a motion for mediation) which threatened counterclaims that would disrupt the remainder of the case.  Dkt. No. 279 at 1, 2 (TCS threatening that its counterclaims would be "likely to cause this case to quickly grow into a much bigger and more complex case" and accurately predicting that, unless the counterclaims were severed and discovery stayed, "this suit will inevitably mushroom into a big, complex litigation").  The Court denied TCS's mediation

"motion" the next day and later characterized it as "the oddest request for mediation I've ever received." Dkt. No. 293 at 101.

The Court then cautioned TCS not to file the threatened counterclaims, but TCS did so anyway. *Id.* at 102; Dkt. No. 295. On December 11, 2015 the same day it filed its counterclaims, TCS served 26 deposition notices for Epic employees and issued 35 new document demands, all directed toward the new counterclaims. Ex. 1, 2.

TCS demanded that Epic immediately respond to its counterclaim discovery requests and meet and confer on the requests earlier than required under the Federal Rules. Ex. 3. And TCS demanded that the 26 witnesses start showing up for depositions beginning on January 4, 2016. Meet-and-confer discussions have not resulted in any relief from TCS's demands. Instead, TCS has threatened to show up for depositions on days it has unilaterally noticed and "take their defaults" if Epic does produce witnesses on those days. Ex. 4. TCS has taken these positions in spite of the Court's admonition that its counterclaims were "too late" and without regard to Epic's pending motion to sever and stay TCS's counterclaims.

## <u>ARGUMENT</u>

It would be unfair, oppressive, and an undue burden on Epic if it was required to respond to TCS's counterclaim discovery at this late date. Epic needs to spend the time remaining in the discovery period uncovering the facts in support of its own case. Much remains to be discovered and there is very little time to make the necessary discoveries.

TCS's counterclaims were threatened to complicate this case. The counterclaims will, indeed, make the case impossibly larger at this critical juncture if TCS is allowed to take up a significant portion of the remaining discovery time with its discovery counterclaims.

Federal Rule of Civil Procedure 26(c) permits "a party or any person from whom discovery is sought" to "move for a protective order in the court where the action is pending."

The Court may, for good cause, issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

Parties may file motions pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a protective order prohibiting a deposition, for example, or other forms of discovery. *See, e.g.*, *Advance Sys., Inc. of Green Bay v. APV Baker PMC, Inc.*, 124 F.R.D. 200, 200 (E.D. Wis. 1989) (granting a party's Rule 26(c) motion "for a protective order prohibiting the deposition of one of its trial counsel")); *see* 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2036 (3d ed.).

Here, TCS's counterclaim discovery would disrupt the existing case. That disruption could be eliminated if the counterclaim discovery is postponed until after the April 2016 trial has concluded on Epic's claims against TCS. *See, e.g.*, *Jernryd v. Nilsson*, No. 84-7551, 1988 WL 53221, at *1 (N.D. Ill. May 16, 1988) (granting a request for a protective order to stay deposition where deponent was "presently under investigation regarding matters pertaining to [the] suit" and this investigation would not be completed until after the date of the deposition and recognizing that any potential "prejudice to plaintiffs from a limited stay [would] be minimal" since it could be resolved in a relatively short time).

The Court has already signaled to TCS that discovery on any new counterclaims would not work because the discovery would be too disruptive and, thus, could not be completed at the same time Epic is trying to complete the discovery on its own claims. As the Court explained at the time TCS threatened its counterclaims:

> To the extent that TCS, at this late date, wants to expand this case into a much larger one, I guess they're entitled to attempt to do that, but I can't imagine that there's sufficient time to complete discovery on other claims. . . . I just – it's just too late.

Dkt. No. 293 at 102.

The Court was right.  It is too late.  TCS's counterclaim discovery should not proceed until Epic has completed its own discovery and tried its claims against TCS.  Only then should the issue of responding to TCS's counterclaim discovery become ripe.

## **CONCLUSION**

For all of these reasons, Epic respectfully seeks an order protecting it from responding to TCS's counterclaim discovery until after the April 2016 trial on Epic's claims against TCS.

Respectfully submitted,

Dated:  December 31, 2015

*/s/ Rick Richmond*

Rick Richmond
rrichmond@jenner.com
Brent Caslin
bcaslin@jenner.com
Nick G. Saros
nsaros@jenner.com
Kate T. Spelman
kspelman@jenner.com
JENNER & BLOCK LLP
633 West 5th Street Suite 2600
Los Angeles, CA 90066
Tel:  213-239-5100
Fax:  213-230-5199

Anthony A. Tomaselli
aat@quarles.com
Kristin G. Noel
kristin.noel@quarles.com
Stacy A. Alexejun
stacy.alexejun@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
Tel.: 608.251.5000
Fax: 608.251.9166

*Attorneys for Plaintiff Epic Systems Corporation*