UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION, a
Wisconsin Corporation;
                          Plaintiff,

v.

TATA CONSULTANCY SERVICES
LIMITED, an Indian Corporation;
and TATA AMERICA INTERNATIONAL
CORPORATION (dba TCS AMERICA), a
New York Corporation;
                          Defendants.

Case No. 14-cv-748-wmc

**REDACTED**

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR A PROTECTIVE ORDER REGARDING TCS'S COUNTERCLAIM DISCOVERY

Defendants Tata America International Corporation and Tata Consultancy Services Limited ("Defendants" or "TCS") submit this memorandum of law in opposition to the Emergency Motion for a Protective Order re TCS's Counterclaim Discovery (Dkt. 340, the "Motion") filed by Plaintiff Epic Systems Corporation ("Epic"). As discussed below, Epic's Motion should be denied.

### ARGUMENT

**I.    TCS IS ENTITLED TO DISCOVERY ON ITS UNCLEAN HANDS AFFIRMATIVE DEFENSE**

For much of the discovery which is the subject of Epic's motion for a protective order, there is a simple answer—the discovery goes to the unclean hands affirmative defense asserted by TCS in its Answer to Epic's Second Amended Complaint. Since that affirmative defense is indisputably part of the case, TCS is entitled to take discovery on that affirmative defense prior to the close of discovery on January 29, 2016.

Epic's pending motion to dismiss, sever or stay TCS's counterclaims, which the parties are still briefing, does not move against any affirmative defenses. In its Answer, TCS made the following allegations as support for *both* an affirmative defense of unclean hands and its counterclaims:

> Not content with having forced TCS out of Kaiser and sullying TCS's reputation and thereby harming TCS's ability to market itself in the United States, Epic's CEO, Judith Faulkner, ███████████████████████████████████████████████ ████████████████████████████ (TCS's Answer to Second Amended Complaint, Affirmative Defenses, Counter-Claims and Demand for a Jury ("Aff. Defenses and Counterclaims") at ¶ 169.)
>
> \* \* \* \* \*
>
> Epic also determined that it would ██████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████ (Aff. Defenses and Counterclaims ¶ 175.)
>
> \* \* \* \* \*
>
> ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ (Aff. Defenses and Counterclaims ¶ 180.)

(*See* Robben Decl., Ex. A.)

These allegations were asserted as one of the elements of an unclean hands defense to Epic's claim for equitable injunctive relief. The affirmative defense reads as follows:

### SIXTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS

> The equitable relief sought by Epic would give Epic a wrongful gain under the doctrine of unclean hands. Epic seeks to recover damages for TCS's investigation of Epic's software manuals and related materials, but TCS's investigation as necessitated by Epic's own wrongful conduct. Epic, by refusing to disclose information that it was contractually obligated to deliver to TCS so that TCS could fulfill its own obligations to mutual customer Kaiser, committed anticompetitive acts in violation of the antitrust laws and

tortiously interfered with TCS's business. These unlawful actions forced TCS to learn information about Epic's systems, to which it was legally entitled, as to which Epic now alleges misappropriation of trade secrets. ███████████████████████████████
███████████████████████████████████████████████████████████████
███

(Aff. Defenses and Counterclaims, ¶ 146.) (emphasis added).

Accordingly, even if Epic's motion dismiss, sever or stay were fully successful, this affirmative defense would still be part of the case. Since it is part of the case, TCS is certainly entitled to take discovery on that defense prior to the close of discovery.

Discovery on this affirmative defense is particularly important because, ███████
███████████████████████████████████████████████████████████████
█████████████████████ was not remotely credible. ███████████████████████████
███████████████████████████████████████████████████████████████
██████ ██████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████ ████████
████████

3

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████ This type of "selective recollection" under oath is obviously not credible.

Epic software handles the highly confidential health records of 180 million Americans or 55% of the United States population. Since the passage of the Health Insurance Portability and Accountability Act ("HIPAA"), the confidentiality of health records of American patients has been deemed to be of paramount importance, as Epic is fully aware. Despite this, ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

Indeed, the unclean hands defense is particularly strong in a case seeking equitable relief, where the ██████████████████████████████████████████ that is the heart of Epic's suit against TCS.

It is also important to note that Epic did not produce ██████████████ until November 25, 2015, even though they should have been produced six months earlier than that. As such, there is no way TCS could have known about the ██████ or taken discovery on it prior to now.

**II.     EPIC IS IMPROPERLY ASKING THE COURT TO PREJUDGE EPIC'S MOTION TO DISMISS, SEVER OR STAY THE COUNTERCLAIMS PRIOR TO THE COMPLETION OF BRIEFING ON THAT MOTION**

Even if TCS's affirmative defense of unclean hands were not part of this case, TCS would still be entitled to discovery on its counterclaims, at least through the close of discovery. The briefing schedule on the motion ends on January 29, 2016, the same day discovery closes. TCS's counterclaims are presumptively valid unless and until the Court resolves the motion against TCS. The fact that Epic has made an unresolved motion against those counterclaims should not affect discovery in any way.

Indeed, Epic took very substantial discovery from TCS while TCS's motion to dismiss Epic's complaint was pending. It would be patently unfair to treat discovery with respect to TCS's counterclaims differently from discovery with respect to Epic's complaint.

## III. EPIC IS SEEKING TO *DE FACTO* STAY TCS'S DISCOVERY WEEKS BEFORE THE CLOSE OF DISCOVERY

Discovery is supposed to be bilateral, not unilateral. When TCS served its Answer and Counterclaims on December 11, 2015, it noticed discovery returnable within the discovery period in a good faith effort to take as much as that discovery as possible within that time. Since that time, Epic has done everything in its power to thwart and slow down that discovery so that it cannot be taken by January 29, 2016. The purpose of these tactics is obvious. After claiming for many months that TCS is obstructive, Epic is now waging its own campaign of obstruction to run out the clock on TCS's discovery efforts in order to squeeze out discovery which was properly noticed to go forward within the discovery period.

## CONCLUSION

For the foregoing reasons, TCS respectfully requests that this Court deny Plaintiff's Motion in its entirety, and grant TCS any such further relief as this Court finds just and proper.

Dated: January 7, 2016

By: s/Philip D. Robben
Paul F. Doyle
Philip D. Robben
Alison L. MacGregor
Melissa E. Byroade
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Email: pdoyle@kelleydrye.com
Email: probben@kelleydrye.com
Email: amacgregor@kelleydrye.com
Email: mbyroade@kelleydrye.com
Phone: (212) 808-7800
Fax: (212) 808-7897

and

s/Barbara A. Neider
Barbara A. Neider
Meg Vergeront
STAFFORD ROSENBAUM LLP
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, Wisconsin 53701-1784
Email: bneider@staffordlaw.com
Email: mvergeront@staffordlaw.com
Phone: (608) 256-0226
Fax: (608) 259-2600
*Attorneys for Defendants Tata Consultancy Services Limited and Tata America International Corporation*