IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EPIC SYSTEMS CORPORATION,

                Plaintiff,

v.

TATA CONSULTANCY SERVICES
LIMITED and TATA AMERICA
INTERNATIONAL CORPORATION d/b/a
TCA America,

                Defendants.

ORDER

14-cv-748-wmc

---

On January 8, 2016, the court held a telephonic hearing on two discovery-related motions: (1) a motion for a protective order filed by plaintiff Epic Systems Corporation (dkt. #337), filed on December 31, 2015; and (2) a motion to compel the appearance of 21 Epic employees for depositions by defendants Tata Consultancy Services Limited and Tata America International Corporation (dkt. #343), filed on January 4, 2016. The parties appeared by counsel, although three corporate representatives also appeared personally for Epic. For the reasons explained on the record, the court granted in part and denied in part both motions.

The court granted Epic's motion with respect to any discovery requests, whether document production, interrogatories or deposition topics, which *only* concern defendants' recently-filed counterclaims (e.g., Epic's market share for purposes of the proposed antitrust counterclaims). While the court has not taken up Epic's motion to dismiss or sever and stay defendants' counterclaims, the court will limit any remaining discovery from Epic through the close of discovery at the end of this month to those issues relevant to Epic's claims and TCS's affirmative defenses to those claims. Similarly,

Epic's motion for a protective order is denied with respect to any discovery arguably relevant to TCS's unclean hands affirmative defense, its other defenses, or Epic's liability and damages claims. Because Epic's efforts to view TCS's software at work in the Apollo hospitals referenced in the February 2015 email fits within this latter category, the court will allow reasonable discovery about those efforts.[1]

In addition to denying the motion for protective order with respect to documents related to Epic's claims and TCS's affirmative defenses, the court will grant in part TCS's motion to compel depositions. While the court finds TCS's approach of noticing 21 depositions in a single week in the last month of discovery without input from Epic inexcusable, the court will nonetheless allow TCS to depose the four, additional individuals on the February 2015 email string: Stirling Martin, Sumit Rana, Judy Falkner and Eric Helsher.[2] In addition, TCS may select for deposition three individuals from the list provided on page 2 of the email chain at issue.

The parties are urged to work cooperatively to complete the remaining discovery in this case in a reasonable and orderly matter. At the same time, if necessary, either party is welcome to seek additional guidance from the court on the permissible areas of discovery from Epic.

---

[1] The court does this without opining on the merits of Epic's argument that an unclean hands defense does not apply to this case in light of the lack of "direct nexus" between Epic's alleged "spying" and Epic's claims. (*See* Pl.'s Resp. (dkt. #371) 6 n.2.) Even if defendants lack a valid unclean hands defense, the requested information may be relevant to Epic's claims, a non-copying defense or otherwise relevant to Epic's claim of damages.

[2] Christina Shiroma has already been deposed and defendants will not be granted permission to continue her deposition absent specific *proof* that she was not fully candid in her first deposition.

Accordingly, IT IS ORDERED that:

1) plaintiff Epic Systems Corporation's motion for protective order (dkt. #337) is GRANTED IN PART AND DENIED IN PART as described above; and

2) defendants Tata Consultancy Services Limited and Tata America International Corporation's motion to compel (dkt. #343) is GRANTED IN PART AND DENIED IN PART as described above.

Entered this 8th day of January, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge