IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION,

|  |  |  |
|---|---|---|
| | Plaintiff, | ORDER |
| v. | | |
| | | 14-cv-748-wmc |
| TATA CONSULTANCY SERVICES LIMITED and TATA AMERICA INTERNATIONAL CORPORATION d/b/a TCA America, | | |
| | Defendants. | |

In a prior opinion and order, the court granted in part and denied in part defendants' motion for sanctions and disqualification of plaintiff's counsel. (12/31/15 Op. & Order (dkt. #342).) In that order, the court set forth specific instructions for plaintiff's counsel, and plaintiff's counsel promptly submitted a report describing its actions in response to the order. (*See id*. at 8-9; Pl.'s Submission (dkt. #358).) One of the items the court requested was the filing of a certification from State Bar of California confirming counsel's representation that two highly credentialed, former Assistant U.S. Attorneys now working for the Stroz firm, James Aquilina and Wendy Wu, did not maintain active status to practice law in the California. (12/31/15 Op. & Order (dkt. #342) 9.) In response, plaintiff's counsel has since explained that they had misstated the current bar status of both attorneys and that, indeed, both *are* currently licensed to practice law in that state, although plaintiff's counsel and the Stroz firm both maintain that they were not "*actually* practicing law at the time they spoke with" a represented individual. (Pl.'s Submission (dkt. #358) 8-9.)

While the court credits Epic's counsel's representation that the involvement of these licensed attorneys was ham-handed at worst, the court remains skeptical of counsel's efforts to depict Aquilina and Wu's role as wholly divorced from legal work for a client.  In particular, Aquilina's and Wu's questioning of Menon extended beyond that of a technical expert and this court's order, and appeared to invite information subject to the attorney-client and work product privileges.  Moreover, the materials submitted to date -- namely Stroz's engagement letter with Jenner & Block -- does not foreclose providing legal services, nor does the Stroz's website or the lawyers' bios.  Furthermore, Wu's participation in the discussion with a represented individual was not even disclosed in advance as contemplated by the court's order and necessary for any argument of consent by the individual's counsel.  Finally, the calls were recorded without the consent of opposing counsel or this court.

Accordingly, IT IS ORDERED that:

1) James Aquilina and Wendy Wu are barred from further involvement in Stroz's work with Jenner & Block and Epic in this matter; and

2) on or before February 11, 2016, Stroz shall show cause as to why this court should not forward the facts surrounding Aquilina and Wu's involvement in the discussion with a represented individual to the State Bar of California for consideration of a possible violation of California Rule of Professional Responsibility 2-100.

Entered this 11th day of January, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge