IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EPIC SYSTEMS CORPORATION,

                Plaintiff,

v.

TATA CONSULTANCY SERVICES
LIMITED and TATA AMERICA
INTERNATIONAL CORPORATION d/b/a
TCA America,

                Defendants.

OPINION AND ORDER

14-cv-748-wmc

---

Before the court are the two most recent discovery disputes between the parties, both of which exemplify efforts in the court's view to expand unnecessarily what is already overblown discovery in this matter. The first concerns defendants' motion to compel greater production of documents in response to their fourth set of document requests. (Dkt. #363.) The second concerns plaintiff's notice of deposition of the Chief Executive Officer at TCS India, Natarajan Chandrasekaran that prompted both a motion for protective order seeking to quash the notice (dkt. #429) and plaintiff's emergency motion to compel that deposition (dkt. #436). Following briefing and a telephonic hearing at which both sides were represented by counsel, the court rules as follows.

OPINION

As to the first motion, notwithstanding the declaration of defendants' named expert Eric Laykin, which for the most part reads like a legal brief rather than an expert affidavit, the additional detail sought from Epic with regard to the development of its own software is woefully overbroad, unduly burdensome and likely to lead to the

unnecessary invasion of sensitive, proprietary information.  Of course, in upholding Epic's right to refuse to produce this information, it will also be barred from using the same information as a shield or sword in this lawsuit.

In particular, Epic's claim is that the TCS defendants used certain information, that defendants describe as "outward looking" information provided to its customer Kaiser Permanente to identify features and related "know how" that might be incorporated into its own Med Mantra, and perhaps other, software.  This information supposedly accelerated the development of the Med Mantra product, whether by focusing its efforts or giving it a leg up in technology.  Epic will be limited to asserting the benefits of that information, just as TCS may argue that it was of limited or no value.  Epic will not be able to claim any damages beyond the information disclosed, nor claim proprietary or confidential information beyond that disclosed.

While the court understands that there is a dispute between the parties over the nature of the information that was available through the UserWeb, that is a matter of dispute to be resolved at summary judgment or, if necessary, trial.  It is not a reason to allow discovery of so-called "back-end developer facing documents" that were never available to Kaiser Permanente on the UserWeb.  Of course, nothing will prevent the defendants from demonstrating that it had developed features and/or underlying software before or at least independently from any information wrongfully obtained through the UserWeb.

As for defendants' motion for protective order to quash the deposition of TCS' Chief Executive Officer, the court generally agrees that TCS has demonstrated that the

2

demands on Natarajan Chandrasekaran's time are quite substantial and that his involvement in the matters in dispute in this case are so limited as to render his deposition unreasonably cumulative or that the information sought is obtainable from other source "more convenient and less burdensome or less expensive." *Patterson v. Avery Dennison Corp*, 281 F.3d 676, 681 (7th Cir. 2002). The only arguable exceptions identified by Epic are with respect to: (1) Chandrasekaran's knowledge as to defendants' plans to market "Med Mantra modules in the United States"; (2) "personal recommendation" that Mr. Sundar hire Mr. Guionnet; and (3) knowledge regarding TCS's unauthorized access to Epic proprietary information, including any investigations into those facts. While Mr. Chandrasekaran provided a helpful declaration indicating that he has no memory of discussing a Med Mantra marketing strategy for "the U.S. or otherwise," nor of any discussions regarding an August 2014 assessment or audit committee investigation arising out of unauthorized access by TCS employees to Epic information (dkt. #434-1), he does not unfortunately disavow knowledge about TCS's intent to market in the United States, even with respect to just Med Mantra modules. Nor does he address his claimed involvement in recommending Mr. Guionnet's hiring by Mr. Sundar or involvement, if any, with respect to the claimed misappropriation of Epic information. Accordingly, on those three narrow subjects, Epic may take Chandrasekaran's deposition for up to sixty minutes at a time and place convenient to Mr. Chandrasekaran.[1]

---

[1] This one hour allotment is *exclusive* of any objections, colloquies, or other interruptions by defendants' counsel. In other words, it counts only time allotted to questions and answers. The one hour limit may be modified downward if plaintiff's counsel spend time on unrelated matters,

ORDER

Accordingly, IT IS ORDERED that:

1) defendants Tata Consultancy Services Limited and Tata America International Corporation's motion to compel plaintiff's compliance with defendants' fourth set of document requests (dkt. #363) is DENIED; and

2) defendants' motion to protective order quashing plaintiff's notice of deposition of Natarajan Chandrasekaran (dkt. #429) and plaintiff Epic Systems Corporation's emergency motion to compel deposition of Natarajan Chandrasekaran (dkt. #436) are both DENIED IN PART AND GRANTED IN PART for the reasons provided above.

Entered this 22nd day of January, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

including Chandrasekaran's educational or employment history, or continues to ask unreasonable questions after exhausting Chandrasekaran's personal knowledge on any of the three narrow subjects approved by the court.  Similarly, the time limit may be extended if Chandrasekaran's knowledge on one or more of these subjects reasonably requires additional follow up questions. While the court is generally available to resolve disputes over the phone, it will not hesitate to sanction either side acting inconsistent with these directions.