IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EPIC SYSTEMS CORPORATION,

                Plaintiff,

v.

TATA CONSULTANCY SERVICES LIMITED and TATA AMERICA INTERNATIONAL CORPORATION d/b/a TCA America,

                Defendants.

OPINION AND ORDER

14-cv-748-wmc

---

This case is set for a jury trial commencing April 4, 2016. Consistent with the parties' oral argument and rulings of the court at the final pretrial conference today, the court issues the following opinion and order.

**A. Defendants' Motion *in Limine* to exclude certain opinions of Epic's experts Wes Rishel and Samuel Rubin (dkt. #690)**

Plaintiff may have until Wednesday, March 30, 2016, to respond to this late filed motion. The court will hear oral argument on defendants' motion at the telephonic conference to be held at 11:00 A.M. on Friday, April 1, 2016.

**B. Defendants' Motion *in Limine* to exclude Guionnet's testimony about the development of Med Mantra (dkt. #543)**

Defendants seek to preclude Guionnet from testifying about what other TCS employees told him about the development of Med Mantra on the basis that such

statements from those employees are inadmissible as hearsay. When asked at the final pretrial conference to identify specific, hearsay statements made to Guionnet, defendants could offer no examples. Since the court is generally persuaded that the statements by his fellow employees to which Guionnet will testify are not hearsay as statements made by an employee within the scope of employment, and in part as offered not for the truth of the matter asserted, defendants' motion will be DENIED. Defendants are, of course, welcome to make specific hearsay objections *if and when appropriate* during Guionnet's testimony at trial.

**C. Defendants' Motion *in Limine* to exclude certain references to TCS's participation in outsourcing, its use of H1B visas, or it being a "foreign" company (dkt. #561)**

In its earlier order and opinion on the parties' motions *in limine*, the court reserved on the portion of defendants' motion to exclude any reference to TCS's use of H1B visas pending confirmation that defendants would avoid referencing H1B visas in questioning Guionnet and withdraw any proposed voir dire questions concerning H1B visas. Having given that confirmation at the final pretrial conference, defendants' motion is DENIED as moot.

The court will, however, exclude evidence, testimony and argument related to Guionnet's various allegations against TCS that are unrelated to Epic, unless defendants open the door, in which case plaintiff may allow Guionnet to explain briefly the basis for those allegations.

**D. Plaintiff's Motion *in Limine* to exclude certain opinions of TCS's expert Erik Laykin (dkt. #590)**

The court reserved on two portions of plaintiff's motion to exclude opinions of TCS's expert Erik Laykin in its opinion and order on the parties' motions *in limine* issued in advance of the final pretrial conference. At the final pretrial conference, the court confirmed that Laykin's expert opinion testimony regarding whether TCS was hampered in performing its testing obligations on behalf of Kaiser by a lack of access to Epic's UserWeb may be relevant to the jury's determination whether there were legitimate reasons for TCS employees to access the UserWeb. Accordingly, this portion of plaintiff's motion is DENIED. As for the second portion of the motion, defendants' counsel were unable to demonstrate that Laykin is qualified to present expert opinion testimony regarding whether Epic had legitimate reasons to deny TCS access to the UserWeb. This portion of the motion is RESERVED, subject to defendants' counsel making a proffer during trial as to Laykin's qualifications and basis to offer such an opinion.

ORDER

IT IS ORDERED that:

1. Plaintiff may have until Wednesday, March 30, 2016, to respond to defendants' motion *in limine* to exclude opinions of Epic's experts, Wes Rishel and Samuel Rubin (dkt. #690);

2. By the end of the day today, the parties are to file all of the expert reports in full;

3. By 12:00 P.M. tomorrow, Friday March 25, 2016, the parties shall exchange a list of expected live witnesses;

4. By Monday, March 28, 2016, plaintiff shall file a written statement as to interrogatory responses by defendants that should have disclosed witnesses Dipankar Chakrabarty and Vishwanatham Landeri, with any response due by Tuesday, March 29, 2016;

5. By Tuesday, March 29, 2016, the parties shall consult with one another and file a pared-down witness list;

6. By Tuesday, March 29, 2016, both parties may supplement their arguments regarding revisions to the jury instructions, with any response due by Thursday, March 31, 2016;

7. The court will hold a telephonic conference at 11:00 A.M. tomorrow Friday, March 25, 2016, to discuss (1) the trial schedule in light of plaintiff's desire for additional discovery, (2) confidentiality objections regarding documents and (3) the relevance of Mr. Rishel's testimony regarding liability;

8. The court will hold a telephonic conference at 11:00 A.M. on Wednesday, March 30, 2016, to discuss the parties' pared-down witness list and testimony, as well as the contents of a binder for the jury;

9. The court will hold a telephonic conference at 11:00 A.M. on Friday, April 1, 2016, to discuss defendants' additional motion *in limine* regarding Epic's experts Rishel and Rubin, objections to exhibits and revisions to jury instructions;

10. Plaintiff's counsel is to initiate the call for each of the upcoming telephonic conferences.

Entered this 24th day of March, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge