IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION,

                     Plaintiff,                    OPINION AND ORDER

  v.

                                                       14-cv-748-wmc

TATA CONSULTANCY SERVICES
LIMITED and TATA AMERICA
INTERNATIONAL CORPORATION d/b/a
TCA America,

                   Defendants.

The purpose of this opinion and order is to address: (1) a lingering issue with respect to the court's January 11, 2016, Order To Show Cause as to why it "should not forward the facts surrounding [Attorneys] Aquilina's and Wu's involvement in the discussion with a represented individual to the State Bar of California for consideration of a possible violation of California Rule of Professional Responsibility 2-100" (dkt. #391); and (2) the subsequent related motion by Aquilina's and Wu's employer, Stroz Friedberg, LLC, to expunge or amend the court's January 11 order (dkt. #496).

After reviewing the supporting declaration of Mr. Aquilina, the court is satisfied that neither he, nor through him Ms. Wu, violated Rule 2-100, and indeed, is satisfied that both acted in accordance with the letter and with their own good faith understanding of the spirit of this court's December 10, 2015, order allowing outside experts "to discuss with TCS's Chief Security Officer, Ajit Menon." (12/10/15 Op. & Order (dkt. #291).) At this point, the court is also comfortable finding that under all the circumstances, both Mr. Aquilina and Ms. Wu acted in good faith at all times,

attempting to carry out their engagement by the law firm of Jenner & Block on an expedited, free-flowing basis. In light of those findings, the court will obviously not forward this matter for consideration of the California Bar and will also grant Stroz's subsequent motion by amending the court's January 11 order to the extent inconsistent with this opinion and order.

In the end, fault for how the Menon discussion proceeded is shared by the court and all parties in this litigation, and the least culpable are surely Mr. Aquilina and Ms. Wu. Beginning with the court, I failed to impart in my written order (and apparently during my earlier, oral discussion with counsel for the parties) the importance attached to there being *no* discussion involving Ajit Menon, a non-lawyer and Chief Security Officer for one of the parties in this lawsuit, involving a lawyer. Instead, the order stated that "[c]ounsel from either side may not participate in, or even listen in on, those direct discussions." (12/10/15 Op. & Order (dkt. #291) 12.)

While I certainly expected counsel for the plaintiff to understand the importance of no lawyer participating in that discussion, and indeed that the purpose was to have a technical computer expert discuss how TCS's electronic data is stored, accessed and retained, defendants' counsel is at least partially at fault for failing to object to Mr. Aquilina's proposed involvement, despite having him specifically designated as the "outside expert" who would participate in the discussion as required by the court's order. In fairness, as previously noted, all of the confusion is also due in substantial part to TCS's own, repeated failures to respond timely to discovery in this lawsuit, and to the court's effort to expedite discovery through this unusual procedure.

Perhaps most important for purposes of the court's order to show cause and the motion to expunge or amend, there is good reason for Mr. Aquilina to have believed that *he* was acting appropriately, consistent with the court's order and consent of both parties to this lawsuit. The court further accepts his representations that both Ms. Wu and he were advised that their participation in the discussion was authorized by the court's order and had been consented to by opposing counsel. Assuming for purposes of this opinion that California Rule of Professional Responsibility 2-100 applied to their actions in this matter, therefore, the combination of the court's order, direction of counsel and apparent consent of Mr. Menon's attorney all put them well within acceptable conduct under that Rule.[1]

The court finds that the Stroz firm has adequately responded to the court's January 11, 2016, order to show cause and that Aquilina's and Wu's involvement in discussion with a represented individual was wholly consistent with California Rule of Professional Responsibility 2-100. Accordingly, the order to show case is deemed satisfied and discharged.

ORDER

IT IS ORDERED that:

1) The court's January 11, 2016, order to show cause is deemed SATISFIED AND DISCHARGED.

---

[1] The court would be remiss to note its discomfort with other arguments made by counsel for Mr. Aquilina and Ms. Wu, which echo earlier representations made by the Stroz firm, that despite being licensed attorneys, who after all were retained to provide services on behalf of Jenner & Block, were not "representing a client" within the meaning of Rule 2-100 or "acting as an attorney" when conducting an extensive interview of an individual who was represented by counsel *and* adverse to the entity that retained them. For reasons described above, however, I need not reach that issue.

2) Stroz's motion to expunge or amend January 11, 2016, order to show cause and minute entry (dkt. #496) is GRANTED IN PART AND DENIED IN PART, consistent with this opinion. The clerk of court is directed to add the following language to the January 11, 2016, minute entry: "The order to show cause was deemed satisfied and discharged, consistent with dkt. #728."

Entered this 28th day of March, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge