| | |
|---|---|
| EPIC SYSTEMS CORPORATION, a Wisconsin Corporation;<br>        Plaintiff,<br><br>    v.<br><br>TATA CONSULTANCY SERVICES LIMITED, an Indian Corporation; and TATA AMERICA INTERNATIONAL CORPORATION (dba TCS America), a New York Corporation;<br>        Defendants. | Case No. 14-cv-748-wmc |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S REQUEST TO PRESENT TESTIMONY FROM STIRLING MARTIN AND CARL DVORAK REGARDING THE VALUE OF EPIC'S CONFIDENTIAL AND TRADE SECRET INFORMATION**

Defendants Tata America International ("Tata America") and Tata Consultancy Services Limited ("TCS India") (collectively, "TCS"), respectfully submit this memorandum of law in opposition to Plaintiff Epic Systems Corporation's ("Epic") request to present testimony from Stirling Martin and Carl Dvorak regarding the value of Epic's confidential and trade secret information. As more fully explained below, Epic's request should be denied.

**ARGUMENT**

**I. The Testimony Epic Seeks to Present Is Not Proper Expert Testimony and Has No Value**

Epic's request is nothing more than an end around to the Court's order limiting Mr. Rishel's testimony in the liability phase of Epic's case in chief. In an attempt to circumvent this Court's order, Epic proposes that Mr. Dvorak and Mr. Stirling testify to the same issues this Court barred Epic from introducing. For this reason alone, the Court should deny Epic's request.

Moreover, as illustrated by the many citations to the record in its request, everything that Epic proposes that Mr. Martin and Mr. Dvorak testify to – how Epic developed its software, how much it spent on it, what it spent on it, what it did to protect is secrets, what Epic thought the information was worth – are factual matters that do not require expert opinion. In fact, such testimony would amount to a recitation of Epic's entire case which will be testified to by fact witnesses. Thus, Epic is essentially requesting that its case be repeated to the jury by "experts" who can only testify to percipient facts but (1) draw unwarranted inferences under the guise of an expert opinion, (2) not be constrained by evidence rules such as hearsay, and (3) impress the jury with the court's endorsement as an expert. This would be a repetitive and prejudicial abuse of the expert process.

As the Court has already ruled, "expert" testimony on how much value a hypothetical generic competitor might extract from the info obtained by TCS, offered by a witness with no knowledge of TCS's technology and whether it either could or would want to use any of the info has no value for any purpose. As such, Epic's request should be denied.

## II. Epic's Claims Do Not Require Epic to Establish the Value of Its Alleged Trade Secrets

### A. The WUTSA Does Not Require Epic to Establish Value

Epic misrepresents the applicable standard in arguing that the WUTSA *requires* Epic to show the value of its alleged trade secrets in order for it to establish that TCS acquired trade secrets from Epic. As the value of its alleged trade secrets is not a required element of its WUTSA claim, Epic's request should be denied.

The WUTSA "provides that actual or threatened misappropriation of trade secrets is prohibited." *Share Corp. v. Momar Inc.*, 2010 U.S. Dist. LEXIS 22608, at *15-16 (E.D. Wis. Mar. 11, 2010). Thus, "plaintiff must prove, at this stage of the proceedings, that the information that

it alleges the defendants of having misappropriated is a 'trade secret' within the meaning of the act." *Id.* The WUTSA defines "trade secret" as:

> [I]nformation, including a formula, pattern, compilation, program, method, technique or process to which all of the following apply:
>
> 1. The information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
>
> 2. The information is the subjects of efforts to maintain its secrecy that are reasonable under the circumstances.

Wis. Stat. §134.90(1)(c). *See also Servicios Technologicos De Guat. v. Woccu Servs. Group*, 2014 U.S. Dist. LEXIS 107092, at *9-10 (W.D. Wis. Aug. 5, 2014); *Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 852 (Wis. 1989).

The plain language of the WUTSA, therefore, rejects Epic's argument. Moreover, the Wisconsin Supreme Court has long held that factors such as "the value of the information to [plaintiff] and his competitors" and "the amount of effort or money expended by [plaintiff] in developing the information" are no longer required to determine whether information is a trade secret in light of the WUTSA. *Minuteman*, at 852-53 (noting that establishing the six elements of the Restatement test, including establishing the value of trade secret, is no longer the legal standard in Wisconsin). Thus, as this Court has rightfully implied, though such information may be relevant to Epic's damages claims, such information is improperly presented in Epic's case in chief on liability. Epic's request should be denied.

### B. Epic's Unjust Enrichment Claim Does Not Require It to Establish the Value of Its Information

Nor does Epic's unjust enrichment claim require it to establish the value of its information through the "expert" testimony of Mr. Dvorak and Mr. Martin in Epic's case in chief on liability.

In order to establish a claim for unjust enrichment under Wisconsin law, Epic is required only to establish "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Gebhardt Bros. Inc. v. Brimmel*, 31 Wis.2d 581, 584 (Wis. 1966). Any value of the alleged benefit obtained by TCS is relevant only to Epic's measure of damages and has no bearing on liability. *See S & M Rotogravure Service*, *Inc. v. Baer*, 77 Wis. 2d 454, 460 (Wis. 1977) ("the measure of damages in unjust enrichment is the value of the benefits conferred upon the benefit").

Testimony by Mr. Dvorak and Mr. Martin with respect to the value of any alleged benefit during the liability phase of trial, therefore, is improper and should be precluded.

### C. Such Testimony With Respect to Epic's Unfair Competition Claim is Cumulative

As an initial matter, it is unclear whether Wisconsin courts have established a clear standard for establishing an unfair competition claim. *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 2008 U.S. Dist. LEXIS 34344, *21-22 (E.D. Wis. Apr. 25, 2008) (analyzing unfair competition claim under the Restatment standard because "very few Wisconsin state court cases have addressed the claim of common law unfair competition"). Nonetheless, any testimony by Mr. Dvorak and Mr. Martin would be cumulative of the testimony of Epic's expert, Wes Rishel. Mr. Rishel will already be testifying with regard to the nature and alleged importance of the downloaded information. Thus any further testimony on the alleged value of Epic's information will be unnecessarily cumulative and a waste of this Court's time. As such, Epic's request should be denied.

## **CONCLUSION**

For all of the reasons set forth above, TCS respectfully requests that the Court deny Plaintiff's request in its entirety, and grant TCS such other and further relief as the Court deems just and proper.

Dated: April 3, 2016

> By: s/Philip D. Robben
> Paul F. Doyle
> Philip D. Robben
> Alison L. MacGregor
> Melissa E. Byroade
> KELLEY DRYE & WARREN LLP
> 101 Park Avenue
> New York, New York 10178
> Email: pdoyle@kelleydrye.com
> Email: probben@kelleydrye.com
> Email: amacgregor@kelleydrye.com
> Email: mbyroade@kelleydrye.com
> Phone: (212) 808-7800
> Fax: (212) 808-7897
>
> and
>
> s/Barbara A. Neider
> Barbara A. Neider
> Meg Vergeront
> STAFFORD ROSENBAUM LLP
> 222 West Washington Avenue, Suite 900
> P.O. Box 1784
> Madison, Wisconsin 53701-1784
> Email: bneider@staffordlaw.com
> Email: mvergeront@staffordlaw.com
> Phone: (608) 256-0226
> Fax: (608) 259-2600
>
> *Attorneys for Defendants Tata Consultancy Services Limited and Tata America International Corporation*