UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

EPIC SYSTEMS CORPORATION, a
Wisconsin Corporation,

    Plaintiff,

    v.                                                                                         Case No. 14-CV-748

TATA CONSULTANCY SERVICES
LIMITED, an Indian Corporation;
and TATA AMERICA INTERNATIONAL
CORPORATION (dba TCS AMERICA), a
New York Corporation,

    Defendants.

---

### DEFENDANTS' PROPOSED REVISIONS TO JURY INSTRUCTIONS AND VERDICT FORM REGARDING DAMAGES

---

    For the reasons explained in Defendants Brief In Support of Proposed Revisions to Damages Instructions and Verdict Form, the defendants ask that the Court make changes to the Court's instructions and verdict as set forth below. The Court's original instructions and verdict form appear in black type. Epic's proposed changes appear in blue type. TCS's proposed additions to both the Court's and Epic's instructions appear in red type and deletions are denoted by strikethroughs.

### DAMAGES INSTRUCTIONS

[Will modify consistent with liability findings.]

    Now we have reached the damages portions of this case and you must consider (1) whether plaintiff Epic Systems Corporation suffered a "loss" as defined by federal law; ~~and~~ (2) the amount of compensation, if any, to award plaintiff Epic Systems Corporation for the

benefit TCS obtained;(3) what amount of compensatory damages, if any, to award plaintiff Epic Systems Corporation; [and (34) whether and in what amount to award punitive damages].[1]

In addition to those claims for which you found in Epic's favor, the court previously entered judgment in Epic's favor on the following four claims:

1. A breach of contract claim described in the closing liability instructions for failing to provide written notice of repeated, unauthorized access as required under the contract.

2. A breach of contract claim based on a TCS employee (Ramesh Gajaram) emailing a document downloaded from the UserWeb to an individual outside of TCS.

3. A violation of federal law based on TCS intentionally exceeding its authorized access to intentionally obtain Epic's documents from the UserWeb.

4. ~~A violation of state law based on TCS willfully, knowingly and without authorization accessing, downloading and copying documents from the UserWeb.~~

## 1. ["Loss" under Federal Law]

Because the court has already found as a matter of law that TCS violated federal law by exceeding its authorized access when its employees intentionally and directly obtained information from Epic's UserWeb, [and because you have now found that TCS trafficked passwords,] you must consider whether Epic suffered a "loss" as that term is defined by statute.

To prove this, Epic must demonstrate by a preponderance of the evidence that Epic suffered a loss during any one-year period aggregating at least $5,000 in value. "Loss" means any reasonable cost to Epic, including the cost of responding to an unauthorized access (or access exceeding authorization) and conducting a damage assessment.

---

[1] In addition to reserving as to the relevance of any instruction depending upon liability verdict, the court reserves on providing all bracketed instructions depending on its relevance.

[Source: Seventh Circuit Pattern Criminal Jury Instructions at 373 (2013); 18 U.S.C. §§ 1029(e)(5) and 1030(a)(6), (e), (g).]][2]

2. **Compensatory Damages**

   a. General

Before awarding compensatory damages, if any, Epic must first prove by a preponderance of the evidence that the wrongful conduct for which you have already found TCS liable caused Epic injury. "Injury" is defined as the violation of a legally protected right. The fact of injury must be clear and certain.

If you found Epic has proved by a preponderance of the evidence that it was injured by TCS's wrongful conduct, you will then be asked what damages, if any, Epic suffered as a result of that injury. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

---

[2] Are defendants willing to stipulate to this element?

Unlike proof of injury, the party seeking damages need not produce evidence that is as exact as the evidence needed to support the findings as to liability. Determining damages involves the consideration of many different factors that cannot be measured precisely. In determining damages you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case. You should award as damages the amount of money that you find fairly and reasonably compensates plaintiffs for their injuries.

Do *not* measure damages by what the lawyers ask for in their arguments. Their opinions as to what damages to award should not influence you unless their opinions are supported by the evidence. It is *your* job to determine the amount of the damages sustained from the evidence you have seen and heard. Examine that evidence carefully and impartially. Do not add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side. Also, do not make any [additions or] deductions because of any remaining doubt in your minds about your liability determinations.

[Source: Court's standard instruction, supplemented with standard instruction from patent infringement case; Restatement (2d) of Torts § 7 (1965).]

### 3. Compensating Epic for the Value of the Information Taken by TCS.

In addition to or in lieu of compensatory damages, you may also award Epic the value of the benefits obtained by TCS from the use of Epic's trade secret and confidential information, other than a future benefit. Regardless of whether you find that Epic itself suffered losses, if you find that TCS obtained a benefit from the use of Epic's trade secret or confidential information, other than a future benefit, then you may award the monetary value that you attribute to those benefits as the measure of plaintiff's damages. In other words, the appropriate remedy may be the benefits, profits, cost savings, or other

advantages gained by TCS because of its use ~~possession~~ of Epic's confidential information or trade secrets. This could include the development costs saved by the misappropriation of Epic's trade secrets or confidential information if the trade secrets or confidential information were in fact actually used by TCS to develop or enhance its products, but may not include any amount that reflects the value of some future benefit to TCS that knowledge of Epic's trade secrets and confidential information might provide.[3]

You may combine both Epic's losses and TCS's gains in determining the measure of damages to award Epic so long as Epic does not recover twice for the same damages. Keep in mind that these damages should not overlap.

[Source: ABA Model Jury Instructions Business Torts Litigation; Wis. Unif. Tr. Secret Act § 134.90(4)]; *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F. 3d 469 (7th Cir. 2009); *University Computing Co. v. Lykes-Youngstown Corp.*, 504 F.2d 518, 536 (5th Cir. 1974)]

---

[3]  *See Thomas v. Lehighton Emergency Med. Assocs., P.C.*, No. 3:12-0655, 2012 WL 3536985, at *4 (M.D. Pa. Aug. 15, 2012) ("the alleged benefit that [Defendants] could receive in the future is irrelevant because to establish an unjust enrichment claim, it must be shown that the benefit has already been conferred") (internal quotations omitted); *Froom-Lipman Group, L.L.C. v. Forest City Enters., Inc.*, 747 F. Supp. 2d 891, 901 (N.D. Ohio 2010) ("a mere expectation of compensation alone does not—and—cannot entitle plaintiff to unjust enrichment damages, much less damages on unsupported and hypothetical future benefits"); *Scaramuzza v. Sciolla*, No. 04-CV-1270, 2004 WL 2063062, at *5 (E.D. Pa. Sept. 14, 2004) (characterizing unjust enrichment as "a retroactive equitable remedy," and noting that "[i]t is well established that an unjust enrichment action will fail based on the allegations of future benefits"); *Trianco, LLC v. Int'l Bus. Machines Corp.*, 583 F. Supp. 2d 649, 655 (E.D. Pa. 2008), *aff'd*, 347 F. App'x 808 (3d Cir. 2009) ("[O]ne cannot allow a party to recover under unjust enrichment for the performance promised in order to secure the 'hoped-for' contract and future negotiations."); *Bouriez v. Carnegie Mellon Univ.*, No. 02–2104, 2005 WL 3006831, at *12 (W. D. Pa. Nov. 9, 2005) (rejecting an argument based on the potential future benefit that a party may receive because "to establish an unjust enrichment claim, it must be shown that [a] benefit has already been conferred"); *Axel Johnson, Inc. v. Arthur Anderson & Co.*, 830 F. Supp. 204, 212 (S.D.N.Y. 1993) ("[N]o cause of action for unjust enrichment lies for hypothetical future liabilities."); *Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 955 F. Supp. 441, 460 (D.V.I. 1997) ("[N]o claim of unjust enrichment lies for 'hypothetical future liabilities.' ") (quoting *Axel,* 830 F. Supp. at 212); *PMX Jewels Ltd. v. Ruvanni Inc.*, No. 14-243, 2014 WL 1725733, at *3 (E.D. Pa. May 1, 2014); *Mina Inv. Holdings, Ltd. v. Lefkowitz,* 51 F. Supp. 2d 486, 490 (S.D.N.Y. 1999) (finding that "Plaintiffs' allegation that [defendant] 'may' become unjustly enriched in the future" is insufficient to state an unjust enrichment claim).

## ~~b~~4. Reasonable Inferences

Mere difficulty in ascertaining the amount of damage is not fatal. Mathematical precision in fixing the exact amount is not required. Where the fact of injury is clear and certain, but there is uncertainty as to the exact amount of damages, the trier of fact has discretion to fix a reasonable amount. If the best evidence of the damage of which the situation admits is furnished, this is sufficient. In addition, where the defendant's wrong has caused the difficulty of proof of damage, he cannot complain of a lack of precision.

[Source: *Town of Fifield v. State Farm Mut. Auto. Ins. Co.*, 119 Wis. 2d 220, 230-31, 349 N.W.2d 684, 689 (1984) (citing McCormick, *Damages,* § 27) (omitting numerals); *see also Wisconsin Alumni Research Found. v. Xenon Pharm., Inc.*, 591 F.3d 876, 886 (7th Cir. 2010) ("a contracting party that causes an uncertainty of proof cannot demand a more precise measure of damages"); Wisconsin Civil Jury Instructions, § 1806 Comment (2015).]

## ~~e~~5. [Duty to Mitigate Damages

### a. For Breach of Contract Claims.

Epic may not recover for losses that it knows or should have known could have been reduced by reasonable efforts. It is not reasonable to expect Epic to reduce its damages if it appears that the attempt may cause other serious harm. Epic need not take an unreasonable risk, subject itself to unreasonable inconvenience, incur unreasonable expense, disorganize its business, or put itself in a position involving loss of honor and respect.

If you find that a reasonable person would have taken steps to reduce damages and if you find that Epic did not take such steps, then you should not include as damages any amount which Epic could have avoided. If a reasonable person would not have taken steps to reduce loss under the circumstances in this case, then Epic's failure to act may not be considered by you in determining its damages.

The burden of proof is on TCS to satisfy you by the preponderance of the evidence that Epic should have taken steps to reduce its loss and failed to do so. You should not

reduce Epic's damages, if you determine that Epic was merely careless in protecting its interests.

[Source: Wis. Civil Jury Instructions § 1731 (2012).]]

    b.   For Other Claims.

The following instructions apply to any claim for which you have found that TCS acted intentionally in committing the acts underlying the claim. If you find that Epic knew of harm caused by TCS and if you find that Epic either intentionally failed to protect its interests, or was recklessly indifferently to protecting its interests, then you should not include as damages any amount that Epic could have avoided or minimized by reasonable efforts and failed to do so.  The burden of proof is upon TCS to convince you by clear and convincing evidence that is clear, satisfactory, and convincing, to a reasonable certainty,:

    1. Epic knew of harm resulting from TCS's actions; and

    2. Epic intentionally failed to act to protect its interests or was recklessly indifferent to them.

You should not reduce Epic's damages, if you determine that Epic was merely careless in protecting its interests.

[Source: Wis. Civil Jury Instructions § 1732 (2012).  Defendants have modified Epic's proposed burden of proof to match the Court's iteration of the middle burden of proof as requiring clear and convincing evidence.

**36**.   **[Punitive Damages**

You may, but are not required to, assess punitive damages against defendants Tata Consultancy Services Limited and Tata America International Corporation. The purposes of punitive damages are to punish defendants for their conduct and to serve as an example or warning to defendants and others not to engage in similar conduct in the future.  You may

<u>only award punitive damages with respect to Epic's trade secrets, mirsrepresentation and unfair competition claims.</u>

To award punitive damages, plaintiff must prove by clear and convincing evidence that TCS acted maliciously toward Epic or in an intentional disregard of its rights. A defendant's acts are malicious when they are the result of hatred, ill will, desire for revenge, or inflicted under circumstances where insult or injury is intended. A defendant acts in an intentional disregard of the rights of the plaintiff if the defendant acts with the purpose to disregard the plaintiff's rights, or is aware that the acts are substantially certain to result in the plaintiff's rights being disregarded. Before you can find an intentional disregard of the rights of Epic, you must be satisfied that TCS's act or course of conduct was:

    1) deliberate;

    2) an actual disregard of Epic's right to safety, health, or life, a property right, or some other right; and

    3) sufficiently aggravated to warrant punishment by punitive damages.

<u>Even if you find that TCS acted maliciously or in an intentional disregard of Epic's rights, you are not required to award punitive damages</u>.

A defendant's conduct giving rise to punitive damages need not be directed at the plaintiff seeking punitive damages. There is no requirement that a defendant intended to cause harm or injury to the plaintiff.

If you determine that punitive damages should be awarded, you should determine the amount you believe will accomplish the purpose of punishing or deterring wrongful conduct. In making this determination, you should consider the following factors:

    1) the grievousness of defendants' acts,

    2) the degree of malice involved,

3) the potential damage which might have been done by such acts as well as the actual damage, and

4) [defendants' ability to pay. You may consider the defendants' wealth in determining what sum of punitive damages will be enough to punish it and deter it and others from the same conduct in the future.]

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party.

[Source: Wis. Civil Jury Instructions § 1707.1, with some modifications to delete duplicative sections.]]

# VERDICT

We, the jury, for our special verdict, do find as follows:

**[QUESTION NO. 1:** Did plaintiff Epic Systems Corporation demonstrate by a preponderance of the evidence that it suffered a loss during any one-year period aggregating at least $5,000 in value?

 Yes _____  No _____]

**QUESTION NO. 2: What amount, if any, should defendants Tata Consultancy Services Limited and Tata America International pay plaintiff for the benefit they obtained?**

 $_____.

**QUESTION NO. 3:** What amount of compensatory damages, if any, should defendants Tata Consultancy Services Limited and Tata America International Corporation pay plaintiff for injuries caused by defendants' wrongful conduct?

$_____

**QUESTION NO. 4:** Did plaintiff prove by a preponderance of the evidence that it is entitled to punitive damages against defendants?

Yes _____ No _____

*If you answered "Yes" to Question No. 34, then please answer Question No. 45. If you answered "No" to Question No. 34, then please skip Question No. 45 and proceed to the end of the special verdict form and sign and date it.*

**QUESTION NO. 45:** What amount of punitive damages do you award plaintiff for the harm caused by defendants?

$_____

_____
Presiding Juror
Madison, Wisconsin

Dated:  April 12, 2016.

By:  /s/ Paul F. Doyle
Paul F. Doyle
Philip D. Robben
Alison L. MacGregor
Melissa E. Byroade
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY  10178
Email: pdoyle@kelleydrye.com
Email: probben@kelleydrye.com
Email: amacgregor@kelleydrye.com
Email: mbyroade@kelleydrye.com
Phone: (212) 808-7800
Fax: (212) 808-7897

and

/s/ Barbara A. Neider
Barbara A. Neider
Meg Vergeront
STAFFORD ROSENBAUM LLP
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI  53701-1784
Email: bneider@staffordlaw.com
Email: mvergeront@staffordlaw.com
Phone: (608) 256-0226
Fax: (608) 259-2600

*Attorneys for Defendants Tata Consultancy Services Limited and Tata America International Corporation*