## ORIENTATION REMARKS AND VOIR DIRE TO JURY PANEL

I am Judge Conley.  You are here for possible jury service in case no. 14-cv-748-wmc:  Epic Systems Corporation versus Tata Consultancy Services Limited and Tata America International Corporation.   Many people approach jury service with apprehension and anxiety, but if each of us does our job, most people end up feeling that jury service was a worthwhile, even gratifying, experience.

The United States Courthouse that you entered this morning is not the judges' courthouse; neither is it the lawyers' courthouse; nor even the litigants' courthouse.  This is your courthouse and your system of justice.  Indeed, this building belongs to the public; and it is important that each of us keep in mind that the public's business is being conducted here.

To be able to continue to serve you better, we seek your input.  Each of you has a stake in this system.  When this trial concludes you will not only be asked to rule on this case, but also to tell us anonymously what we did right and what we did wrong.  We cannot serve the public and improve our system of justice without each of your valuable contributions.

Other than by paying taxes and voting, service on a jury is probably the most important duty that most of us will undertake in support of our system of government. Only by realizing how unique our system of justice is, and how dependent it is on good people like you, can we truly understand and appreciate it.

1

Trial by jury has been eliminated in many countries of the world. The United States justice system is the place where most of the jury trials in the world are now held. Contrary to general belief, we have the highest involvement of *non*-lawyers of any justice system in the world. That is a heritage handed down by the people who founded our country. I cannot describe its importance any better than the U.S. Supreme Court Justices did in the video you watched this morning, so I won't try.

Instead, I will try to give you a sense of your role as jurors in this trial. My job as judge is to decide legal questions and your job as jurors is to decide fact questions. The judge decides what kind of evidence is admissible and instructs the jurors at the end of the trial as to the law that they must apply in deciding the case. These instructions provide the legal yard stick by which the jurors must measure the evidence in order to decide the case.

The jurors decide what the facts are -- that is, they decide from the evidence admitted at trial what actually happened. An important part of the jurors' job is to decide what testimony to believe and what testimony not to believe.

In deciding what actually happened, the jurors are searching for the truth. Many people in fact define a trial as a search for the truth. The trial begins with "Voir Dire," which literally means from the latin and french "to speak the truth" or "to inquire." Consistent with these definitions, the purpose of voir dire is to ask a series of questions of jury panel members and to obtain candid, truthful responses to help insure that we seat a jury comprised of impartial individuals -- a fundamental right of both parties.

2

The clerk has already seated the first 14 prospective jurors in the jury box.  All prospective jurors, whether seated in the box or not, should listen carefully as they may be called and asked the same or similar questions.

The deputy clerk will now swear the entire jury panel.

I want to introduce you to our court personnel:

      A.  Judge William Conley
      B.  Deputy Clerk Andrew Wiseman

 [after introduction, inquire if anyone on the jury knows either]

## QUESTIONS

1.  <u>Statement of the case</u>:  This is a civil action brought by Epic System Corporation against Tata Consultancy Services Limited and Tata America International Corporation d/b/a TCA America.  Epic is a privately-held company with its principal place of business in Verona, Wisconsin.  Epic develops software that helps healthcare organizations manage the collection and storage of patient information.  Tata Consultancy Services Limited is an Indian corporation and Tata America International Corporation is its American subsidiary.  TCS India provides information technology services and products.  The court and the parties will refer to defendants at times collectively as "TCS."  Epic contends that TCS accessed without authorization proprietary information housed on a web portal and used that information for an improper purpose in violation of federal and state law and in breach of a contract between the parties.  TCS denies these claims.

    a.  Have any of you heard of this case before today?  How?  When?

    b.  When you heard about it, did you form any opinion concerning the case?

    c.  Do you believe that your ability to serve impartially as a juror in this case has been affected by what you have heard about it?

2.  The trial of this case will begin today, Monday, April 4, 2016, and will end no later than Friday, April 15, 2016.  The trial day will generally run from 8:30 a.m. until 5:30 p.m., though we may begin slightly earlier or go later if necessary to insure completion within the promised time frame.  You will have at least an hour for lunch and two additional short breaks of 15-20 minutes, one in the morning and one in the afternoon.  Is there any one of you who would be unable to serve as a juror during this time for any reason, including vision, hearing or other health limitations?

3.  Counsel for each party will stand and tell the jury where they practice and with whom.  Does anyone know counsel or their law firms?

4.  Counsel will then introduce their client, including any party representative at counsel table.

4

<u>EPIC</u>

Some of the following questions might require you to reveal personal or sensitive information. If you would feel more comfortable discussing the answers to these questions more privately, please let me know, and we will have a private sidebar discussion.

a.  Is anyone familiar with the plaintiff in this case, Epic Systems Corporation?

b.  Specifically, have you or someone close to you:

    1.  worked for Epic?

    2.  applied for a job with Epic?

    3.  attended an event sponsored by or affiliated with Epic?

    4.  used software developed by Epic?

c.  Does anyone have a strong opinion, whether positive or negative, about Epic?

d.  Is there anyone who thinks they might unfairly favor Epic, even slightly, because it is a local company?

<u>TCS</u>

e.  Is anyone familiar with the defendants in this case, Tata Consultancy Services Limited and Tata America International Corporation d/b/a TCA America?

f.  What about more generally, with respect to technology or computer companies with employees based in India?

g.  Specifically, have you or someone close to you:

    1.  worked for TCS or an Indian-based company?

    2.  applied for a job with TCS or an Indian-based company?

    3.  attended an event sponsored by or affiliated with TCS or an Indian-based company?

    4.  used software developed by TCS or an Indian-based company?

h.  Does anyone have a strong opinion, whether positive or negative, about TCS? Does anyone have a strong opinion, whether positive or negative, about Indian-based companies more generally?

i.  Has anyone travelled to India or does anyone have any significant connections with India?

j.  Does anyone believe that a company not based in the United States should have fewer rights in a United States court than an American-based company?

5.    The following people or entities are also involved in this case or may be called as witnesses in this case.  Please raise your hand if you know any of these people:

a.    Arun Agarwal
b.    Paul Amalraj
c.    Aswin Anandhan
d.    Ramareddy Baddam
e.    Vijayasaradhi Badipatla
f.    Curtis Bajak
g.    Madhusudana Bandarapu
h.    Brent Bersin
i.    Thomas Britven
j.    Michael Buchanan
k.    Dipankar Chakraborty
l.    Natarajan Chandrasekaran
m.    Jason Cline
n.    Vishwa Prasad Duddukuru
o.    Carl Dvorak
p.    Judith Faulkner
q.    Ramesh Gajaram
r.    Philippe Guionnet
s.    Sankari Gunasekaran
t.    Anmol Gupta
u.    Eric Helsher
v.    Mohankrishna Jasti
w.    David Jones
x.    Suraj Kartha
y.    Arulbigju Kaspar
z.    Nazia Khader
aa.    Priscilla Kingston
bb.    Brad Kowalksi
cc.    Ajay Krishnaswamy
dd.    Melmangalam Ramanathan Kumar
ee.    Mukesh Kumar
ff.    Vishwanatham Landeri
gg.    Erik Laykin
hh.    Stirling Martin
ii.    Bill McCarthy

6

jj.    Venu Medikonda
kk.    Ajit Menon
ll.    Dr. Santosh Mohanty
mm.    Madhavi Mukherji
nn.    Suresh Muthuswami
oo.    Dr. Prakash Nadkarni
pp.    Venkatakrishnan Narasimhan
qq.    Mahendra Pandian
rr.    Deepa Pandurangan
ss.    Bharathi Ponnambalam
tt.    Ravi Raju
uu.    Iyappan Rathina
vv.    Venugopal Reddy
ww.    Brett Rehm
xx.    Wes Rishel
yy.    Samuel Rubin
zz.    Narasimhan Srinivasan
aaa.    Syama Sundar
bbb.    Indana Susmita
ccc.    Srikanth Telkapalli
ddd.    Vikram Vadamalai

6.    Question to prospective jurors individually:

a.  Please stand up and tell us about yourself.
b.  Examples:

    1.    Name, age, and city or town of residence.
    2.    Where born and raised.
    3.    Marital status and number of children, if any.
    4.    Current occupation (former if retired).
    5.    Current (or former) occupation of your spouse or domestic partner.
    6.    Any military service, including branch, rank and approximate date of discharge.
    7.    How far you went in school and major areas of study, if any.
    8.    Memberships in any groups or organizations.
    9.    Hobbies and leisure-time activities.
    10.    Favorite types of reading material.

11. Favorite types of television shows, talk radio, movies, music or other entertainment
12. Bumper stickers, letters to editor or call in to radio or TV show.
13. Regular contributor to any blogs, online discussion groups or online chat rooms.
14. Primary source of news.

7. General questions regarding prior experience with court proceedings:

   a. Have any of you ever been a party to a lawsuit?  Describe circumstances.

   b. Have any of you ever been a witness in a lawsuit?

   c. How many of you have served previously on a jury?  Of those of you who have, please describe your experience.  Were you ever the foreperson on a jury?

   d. Do any of you know any of the other persons on the jury panel?

8. Case-specific questions to panel:

Again, some of the following questions might require you to reveal personal or sensitive information. If you would feel more comfortable discussing the answers to these questions more privately, please let me know, and we will have a private sidebar discussion.

   a. Do you or anyone close to you have any training, specialized knowledge or experience in:

      1. information technology?

      2. computer forensics?

      3. software programing?

      4. data management or recordkeeping?

      5. the health care or medical field?

      6. the legal field?

      7. accounting?

   b. Now I am going to ask you some questions about your use of computers.  Do you:

      1. feel comfortable using a computer?

      2.    have a home computer?

              i.   If so, how often do you use it?

              ii.  Does your employer restrict who can access information from a home computer?

      3.    have a work computer?

              i.   If so, how often do you use it? (Daily, Weekly, Occasionally, Seldom)

              ii.  Does your employer restrict access to that computer?

      4.    use email?

              i.   If so, do you have multiple email addresses?

              ii.  Has your email account ever been compromised or accessed by someone else without permission?

      5.    regularly use the internet?

              i.   to your knowledge, has any of your private or confidential information ever been disclosed through the internet?

              ii.  resulted in inconvenience or worse? (if so, what?)

      6.    download information from the internet?

      7.    have passwords for your computer, for particular programs, or for websites, including for email?

      8.    share your passwords or has someone else shared a password with you?

c.  Has anyone invented something or developed a trade secret, whether individually or for an employer?

d.  Has anyone ever been a party to a confidentiality agreement?

e.  Should the evidence support it, would anyone have any difficulty in awarding damages in this case in a substantial amount?  Similarly, should the evidence support it, would anyone have any difficulty in awarding *no* damages or a small amount of damages?

9.    At the end of the case, I will give you instructions that will govern your deliberations.  You are required to follow those instructions, even if you do not agree with them.  Is there any one of you who would be unable or unwilling to follow these instructions?

10.    Do you know of any reason whatsoever why you could not sit as a trial juror with absolute impartiality to all the parties in this case?

- Side bar to address strikes for cause and possible follow up questions.
- Exercise preemptory challenges, during which court will (1) dismiss other jury panel members and (2) read instructions for conduct during breaks and recesses. (*See* pp. 2-4 of Introductory Jury Instructions.)