## DAMAGES INSTRUCTIONS

Now we have reached the damages portions of this case and you must consider (1) what amount of compensatory damages, if any, to award plaintiff Epic Systems Corporation for benefits obtained by defendants because of its wrongful conduct; and (2) whether and in what amount to award punitive damages.

In addition to those claims for which you found in Epic's favor, the court previously entered judgment in Epic's favor on the following three claims:

1. A breach of contract claim described in the closing liability instructions for failing to provide written notice of repeated, unauthorized access as required under the contract.

2. A breach of contract claim based on a TCS employee (Ramesh Gajaram) emailing a document downloaded from the UserWeb to an individual outside of TCS.

3. A violation of federal law based on TCS intentionally exceeding its authorized access to intentionally obtain Epic's documents from the UserWeb.

Before I instruct you on how to determine damages, please note that certain questions in the verdict are to be answered only if you answer a preceding question a certain way. Read the directions after each question carefully to ensure you are *not* answering questions needlessly. [Read special verdict form.]

1. **Compensatory Damages**
   a. **General**

The party seeking damages need not produce evidence that is as exact as the evidence needed to support the findings as to liability. Determining damages involves

the consideration of many different factors that cannot be measured precisely. In determining damages you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case. You should award as damages the amount of money that you find fairly and reasonably compensates plaintiffs for their injuries.

Mere difficulty in ascertaining the amount of damage is not fatal. Mathematical precision in fixing the exact amount is not required. Where the fact of TCS's benefit is clear and certain, but there is uncertainty as to the exact amount of damages, the trier of fact has discretion to fix a reasonable amount. If the best evidence of the damage of which the situation admits is furnished, this is sufficient. In addition, where the defendant's wrong has caused the difficulty of proof of damage, he cannot complain of a lack of precision.

Do *not* measure damages by what the lawyers ask for in their arguments. Their opinions as to what damages to award should not influence you unless their opinions are supported by the evidence. It is *your* job to determine the amount of the damages sustained from the evidence you have seen and heard. Examine that evidence carefully and impartially. Do not add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side. Also, do not make any deductions because of any remaining doubt in your minds about your liability determinations.

If you find that Epic suffered no actual damages, then you should enter the nominal amount of $1 in answer to Question No. 1 of the special verdict.

### b. Damages for Value of Benefits Obtained by TCS

You may also award Epic the value of the benefits obtained by TCS because of TCS's wrongful conduct.  Regardless of whether you find that Epic itself suffered losses, if you find that TCS obtained a benefit from Epic's trade secrets or confidential information, then you may award the monetary value that you attribute to those benefits as the measure of plaintiff's damages.  In other words, the appropriate remedy may be the benefits, profits, cost savings, or other advantages gained by TCS because of its use of Epic's confidential information or trade secrets.  This could include the development costs saved by the misappropriation of Epic's trade secrets or confidential information if the trade secrets or confidential information were in fact *actually* used by TCS, but may not include any amount that reflects the value of some future benefit to TCS that knowledge of Epic's trade secrets or confidential information might provide.  The court will enter a permanent injunction precluding TCS from using or disclosing Epic's confidential information, including trade secrets, in the future.

### 2. Duty to Mitigate Damages

#### a. For Breach of Contract Claims

Epic may not recover for losses that it knows or should have known could have been reduced by reasonable efforts.  It is not reasonable to expect Epic to reduce its damages if it appears that the attempt may cause other serious harm.  Epic need not take an unreasonable risk, subject itself to unreasonable inconvenience, incur unreasonable

expense, disorganize its business, or put itself in a position involving loss of honor and respect.

If you find that a reasonable person would have taken steps to reduce damages and if you find that Epic did not take such steps, then you should not include as damages any amount which Epic could have avoided. If a reasonable person would not have taken steps to reduce loss under the circumstances in this case, then Epic's failure to act may not be considered by you in determining its damages.

The burden of proof is on TCS to satisfy you by the preponderance of the evidence that Epic should have taken steps to reduce its loss and failed to do so. You should not reduce Epic's damages, if you determine that Epic was merely careless in protecting its interests.

### b. For Other Claims

The following instructions apply to any claim for which you have found that TCS acted intentionally in committing the acts underlying the claim. If you find that Epic knew of harm caused by TCS and if you find that Epic either intentionally failed to protects its interests, or acted with recklessly indifference in protecting its interests, then you should not include as damages any amount that Epic could have avoided or minimized by reasonable efforts and failed to do so. The burden of proof is on TCS to convince you by clear and convincing evidence that:

1. Epic knew of harm resulting from Epic's actions; and
2. Epic intentionally failed to act to protect its interest or was recklessly indifferent to them.

You should not reduce Epic's damages if you determine that Epic was merely careless in protecting its interests.

### 3. Punitive Damages

If you award compensatory damages in an amount greater than one dollar, you may, but are not required to, assess punitive damages against defendants Tata Consultancy Services Limited and Tata America International Corporation. You may only award punitive damages with respect to Epic's trade secrets, fraudulent misrepresentation and unfair competition claims. The purposes of punitive damages are to punish defendants for their conduct and to serve as an example or warning to defendants and others not to engage in similar conduct in the future.

To award punitive damages, plaintiff must prove by clear and convincing evidence that TCS acted maliciously toward Epic or in an intentional disregard of its rights. A defendant's acts are malicious when they are the result of hatred, ill will, desire for revenge, or inflicted under circumstances where insult or injury is intended. A defendant acts in an intentional disregard of the rights of the plaintiff if the defendant acts with the purpose to disregard the plaintiff's rights, or is aware that the acts are substantially certain to result in the plaintiff's rights being disregarded. Before you can find an intentional disregard of the rights of Epic, you must be satisfied that TCS's act or course of conduct was:

1) deliberate;
2) an actual disregard of Epic's right to safety, health, or life, a property right, or some other right; and

      3) sufficiently aggravated to warrant punishment by punitive damages.

A defendant's conduct giving rise to punitive damages need not be directed at the plaintiff seeking punitive damages. There is no requirement that a defendant intended to cause harm or injury to the plaintiff. Even if you find that TCS acted maliciously or in intentional disregard of Epic's rights, you are not required to award damages.

If you determine that punitive damages should be awarded, you should determine the amount you believe will accomplish the purpose of punishing or deterring wrongful conduct. In making this determination, you should consider the following factors:

      1) the grievousness of defendants' acts,

      2) the degree of malice involved,

      3) the potential damage which might have been done by such acts as well as the actual damage, and

      4) defendants' ability to pay. You may consider the defendants' wealth in determining what sum of punitive damages will be enough to punish it and deter it and others from the same conduct in the future.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party.