**SUPPLEMENTAL DAMAGES INSTRUCTIONS**

In describing how to consider an award of compensatory damages, if any, for the benefit TCS obtained because of its wrongful conduct, I instructed that you may only award damages for the development costs saved by the misappropriation of Epic's trade secrets or confidential information if the trade secrets or confidential information were in fact *actually* used by TCS. During the course of the testimony, it became clear that there are varying views on what constitutes "use." Here, "use" requires more than simple knowledge of the trade secrets. Instead, Epic must prove by a preponderance of the evidence that TCS exploited this information, for example, by developing a marketing strategy, informing its competitive position within the EHR market, or refining TCS's software products. Although the focus of damages is on the *benefit* to TCS, "use" does not necessarily require a showing that TCS relied on Epic's confidential information to successfully develop, market and sell a competitive product. Finally, as the court stated in its introductory instructions on damages, the value or threat of *future* use, including future sales, does not serve as a basis for an award of compensatory damages, but is rather addressed by the court's injunction.

To assist you in considering "use," the verdict form has also been changed to reflect two possible benefits to TCS obtained by plaintiff's confidential information, including trade secrets. In determining what amount of damages to award for these possible benefits, please keep in mind that you must first find that TCS used the confidential information before you may award damages for that particular benefit.