UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION, a
Wisconsin Corporation,

        Plaintiff,

   v.

TATA CONSULTANCY SERVICES
LIMITED, an Indian Corporation; and TATA
AMERICA INTERNATIONAL
CORPORATION (dba TCS AMERICA), a
New York Corporation,

        Defendants.

Case No. 14-CV-748

**REQUEST FOR CLARIFICATION REGARDING THE ECF-GENERATED BRIEFING SCHEDULE FOR PRE-VERDICT RULE 50(A) MOTIONS**

      Plaintiff Epic Systems Corporation ("Epic") respectfully requests that the Court clarify the briefing schedule generated by the ECF system in regard to the pre-verdict Rule 50(a) motions filed by defendants Tata Consultancy Services Limited and Tata America International Corporation (collectively, "TCS"). In particular, Epic requests that the Court clarify that it is unnecessary for Epic to respond to TCS's pre-verdict Rule 50(a) motions and that the Court remove upcoming deadlines associated with those motions. In light of the issues submitted to the jury and jury's subsequent verdicts, further briefing on the Rule 50(a) motions is moot. Moreover, TCS will have an opportunity to renew its Rule 50(a) motions via a Rule 50(b) motion, and Epic will have an opportunity to respond to any such motion. Accordingly, Epic respectfully requests that the Court clarify that no responses to TCS's Rule 50(a) motions are

2431336.1

required and remove any associated deadlines. Such a request is common and the Court has granted such requests in the past. *Ultratec Inc. et al. v. Sorenson Comms., Inc. et al.*, Case No. 13-cv-00346-bbc, Dkt. 691, Text Order (W.D. Wis. Nov. 5, 2014) (Crocker, J.) ("In response to the parties' joint emergency request for clarification (dkt. [690]), the Rule 50(a) briefing deadlines are STRICKEN.").

## BACKGROUND

TCS made written and oral Rule 50(a) motions for judgment as a matter of law during the course of trial with the first written motion filed at the close of Epic's case in chief on April 11, 2016, and second filed at the close of TCS's rebuttal on April 12, 2016. *See* Dkt. Nos. 830, 843. When the written motions were filed, the Court's electronic filing system automatically set deadlines for Epic's oppositions to these respective motions on May 11, 2016 and May 12, 2016, and set the deadline for TCS's replies regarding these respective motions on May 26, 2016, and May 27, 2016.

On April 13, 2016, the Court submitted the question of liability as to Epic's various claims to the jury. 4/13/16 AM Rough Trial Tr. at 74:12-75:1. On April 14, 2016, the jury found in Epic's favor on all counts as to liability. Dkt. No. 855. The Court submitted damages issues to the jury on April 15, 2016, and the jury returned a verdict on damages the same day. 4/15/16 Rough Trial Tr. at 143:3-17; Dkt. No. 871.

## REQUESTED RELIEF

In light of the issues submitted to the jury, any additional Rule 50(a) briefing is moot. This is reflected in Rule 50(b) which states that "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), *the court is considered to have submitted the action to the jury* subject to the court's later deciding the legal questions raised by the motion." *See* Fed. R. Civ. P. 50(b) (emphasis added). The final clause, "subject to the court's

2431336.1

later deciding the legal questions raised by the motion" refers to the fact that a court may once again consider the arguments that a party raised in its pre-verdict Rule 50(a) motion after the party renews the motion via a Rule 50(b) motion. *See id.*

Because TCS will have an opportunity to renew all of the arguments in its Rule 50(a) motions via a Rule 50(b) motion, further briefing of the Rule 50(a) motions is unnecessary. Accordingly, Epic requests that the Court make clear that no response to any pre-verdict Rule 50(a) motion is required and remove any associated deadlines from the ECF system.

Dated: April 20, 2016          */s/ Rick Richmond*
                                           Rick Richmond
                                           rrichmond@jenner.com
                                           Nick G. Saros
                                           nsaros@jenner.com
                                           Julie A. Shepard
                                           jshepard@jenner.com
                                           Kelly M. Morrison
                                           kmorrison@jenner.com
                                           JENNER & BLOCK LLP
                                           633 West 5th Street, Suite 3600
                                           Los Angeles, CA 90071
                                           Tel: 213-239-5100
                                           Fax: 213-239-5199

                                           Anthony A. Tomaselli
                                           anthony.tomaselli@quarles.com
                                           Kristin G. Noel
                                           kristin.noel@quarles.com
                                           QUARLES & BRADY LLP
                                           33 East Main Street, Suite 900
                                           Madison, WI 53703
                                           Tel.: 608.251.5000
                                           Fax: 608.251.9166

                                           *Attorneys for Plaintiff Epic Systems Corporation*

2431336.1