IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EPIC SYSTEMS CORPORATION, a Wisconsin Corporation;<br><br>                          Plaintiff,<br><br>                v.<br><br>TATA CONSULTANCY SERVICES LIMITED, an Indian Corporation; and TATA AMERICA INTERNATIONAL CORPORATION (dba TCS America), a New York Corporation;<br><br>                         Defendants. | Case No. 14-cv-748-wmc |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A REPLY TO ADDRESS TCS'S ARGUMENTS**

Defendants, Tata America International Corporation and Tata Consultancy Services Limited, submit this memorandum of law in opposition to Epic's motion to strike or, in the alternative, for leave to file a reply in further support of its request that the Court award it millions of dollars in attorneys' fees in retribution for TCS's alleged discovery misconduct. (Dkt. 933.) As more fully explained below, Epic's motion should be denied.

## ARGUMENT

TCS's opposition to Epic's request for attorneys' fees demonstrated that the Court should award, at most, a fraction of the millions that Epic seeks because, among other things, TCS did not act in bad faith and the vast majority of the fees Epic seeks to recover have no connection to TCS's discovery conduct. In the absence of bad faith, the Court should not employ its inherent power to award sanctions.

(Dkt. 927, at Point I.) Rule 37 limits any award of attorneys' fees and costs to the amount that Epic would not have incurred but for TCS's discovery conduct. (Dkt. 927, at Point II.) In light of these standards, Epic's attempt to recover, for example, the cost to collect, review, and produce its own documents should fail because these costs have nothing to do with TCS's discovery conduct. (Dkt. 927, at Point III.)

Faced with these arguments, Epic's motion seeks to strike those portions of TCS's opposition that relate to either: (1) TCS's argument concerning the absence of bad faith and (2) TCS's argument that Rule 37, by its terms, limits any discovery sanction to the amount that Epic would not have incurred but for TCS's conduct in discovery. (*See* Dkt. 933, at 2-4.) Epic's motion should be denied.[1]

Not only are motions to strike generally disfavored in the Seventh Circuit, but "motions to strike sentences or paragraphs are especially disfavored." *See Rodrigues v. Gerardot*, 2014 U.S. Dist. LEXIS 62207, at *6 (N.D. Ind. May 5, 2014) (denying motion to strike where motion "essentially asks [the court] to go line-by-line through Rodriguez's affidavit and strike the sentences that aren't adequately supported"); *see also Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006) (refusing to strike an entire brief or to go line by line through the brief and act as an editor); *Marine Travelift Inc. v. ASCOM SpA*, 2015 U.S. Dist. LEXIS 167536, at *5 (E.D. Wis. Dec. 15, 2015) ("Judges are skilled in weighing [] evidence, and they have neither the need nor the time to pore over countless pages

---

[1] In the alternative, Epic seeks leave to file a reply to address these issues. Since it appears that all Epic will do with a reply is rehash its prior sanctions arguments—a task its motion to strike is largely dedicated to accomplishing—Epic's motion for leave to file a reply should be denied.

of testimony and affidavits, scratching out a phrase here or a paragraph there, like so many copy editors.").

Moreover, Epic's arguments run afoul of the Court's direction on the record on April 15, 2016. Addressing the parameters under which it would consider Epic's application for discovery sanctions, the Court indicated that it would consider mitigating factors in determining an appropriate discovery sanction. (*See* Dkt. 898 at 155:14 – 156:2). Despite Epic's argument to the contrary, the Court did not limit TCS's response to "challenging the time or the total number" but held that TCS could "comment or object on [Epic's fee application] as [it] see[s] fit." (*See Id.* at 157:14-15). Specifically, in response to TCS's request for clarification, the Court held:

> It is their entire discovery effort and you are to object or comment on it as you see fit. It would be appropriate to point out that most -- this portion was legitimate… Rather than arguing about the amount of specific hours, if there's some category that you think is legitimate or ordinary discovery expense, that's a legitimate point to make in your response.

(*Id.* at 157:14-22.)

The Court's directions in this regard were consistent with Rule 37 and the Seventh Circuit case law discussed in TCS's opposition (*see, e.g.*, Dkt. 927, at Section II), that calls for a categorical approach to a request for attorneys' fees focused not on the time spent on a particular task but whether the task itself resulted from a party's discovery conduct. TCS's opposition arguments are squarely in line with the Court's April 15 direction, Rule 37, and the applicable precedents. Epic's motion to strike and request for leave to file a reply should be denied.

3

I.  **TCS's Argument That Epic's Fee Recovery Should Be Limited Was Expressly Permitted By The Court**

Epic contends that TCS's claim that any award of attorneys' fees and costs should be limited to the amount that Epic would not have incurred but for TCS's conduct is outside of the scope of the Court's Order. (*See* Dkt. 933, at 4.) However, not only do the Federal Rules of Civil Procedure require such a limitation (*See* Fed. R. Civ. P. 37(b)(2)(C); Dkt. 927, at 10-11), but the Court held that TCS could comment on the reasonableness of allowing recovery for Epic's discovery effort as it "see[s] fit." (Dkt. 898 at 157:14-15). The Court specifically requested that TCS not "argu[e] about the amount of specific hours", but categorize what it thinks "is legitimate or [an] ordinary discovery expense"—which is exactly what TCS has done. (*See Id*. at 157:18-22.) Epic's argument that TCS is limited to "challenging the time or the total number" is contrary to the Court's direction.[2]

As such, Epic's motion to strike or for leave to reply to this portion of TCS's opposition should be denied.

II. **TCS's Lack Of "Bad Faith", The Sanctions Already Awarded, And TCS's Cooperation Are Mitigating Factors**

Epic argues that TCS's argument that discovery sanctions are not warranted in the absence of bad faith "amount[s] to an untimely and improper request for

---

[2] The order cited by Epic in its Motion, *M-Edge Int'l Corp. v. LifeWorks Tech. Group., LLC*, No. 14-3627, Dkt. No. 89 (D. Md. June 3, 2016), does not hold differently. In fact, that order limited any recovery to costs incurred as a result of defendant's conduct. In that case, the court requested that plaintiff submit a letter in support of its request for attorneys' fees and expenses incurred limited to those fees and expenses incurred because of the discovery dispute and the defendant's conduct. (*See* id. at 2.)

4

reconsideration" and should be stricken. (*See* Dkt. 933.) However, though the Court ruled that TCS should have preserved documents earlier, and that TCS did not timely comply with certain of its discovery obligations (*see* Dkt. 709 at 2-5), there has been no finding by the Court that TCS acted willfully or in bad faith. Thus, TCS is not making a motion for reconsideration on the question of bad faith as there has been no such finding. *See A, B, C, D, E, F v. Zemin*, 2003 U.S. Dist. LEXIS 17673, at *3 (N.D. Ill. Oct. 6, 2003) (noting that plaintiff's challenge to the Court's comments in a decision was "not a basis for reconsideration" because the Court "made no finding in that regard and the comments in question formed no part of the basis for the decision.")[3]

Instead, TCS argues that the lack of a finding of bad faith means that the Court should not invoke its inherent power to award sanctions, limiting any discovery sanctions to the confines of Rule 37. Moreover, not only are bad faith or willful misconduct a prerequisite to the imposition of attorneys' fees as a sanction (see Dkt. 927, at Section I), but the lack of bad faith, in addition to the adverse inference instruction and TCS's total cooperation in the Stroz investigation, are mitigating factors consistent with those the Court indicated it would consider in determining any award of discovery sanctions. (*See* Dkt. 898, at 155:14 – 156:2.) (*See also Trask-Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681 (7th Cir. 2008)

---

[3] Epic tries to get around the fact that there has been no finding of bad faith by selectively collecting bits of the record together and arguing that the Court "conclude[ed] *by implication* that TCS's conduct was intentional and done in bad faith." (emphasis added). (*See* Dkt. 933, at 3 and 5.) Epic's attempt to tease out a finding of bad faith or willfulness from the record "by implication" is a concession that there has been no such finding at all.

("Morton has made no showing, however, that Motel 6's destruction of any []materials was done in bad faith. Such a showing is a prerequisite to imposing sanctions for the destruction of evidence."); *Rodgers v. Lowe's Home Centers, Inc.*, No. 05 C 0502, 2007 U.S. Dist. LEXIS 7405, at *21 (N.D. Ill. Jan. 30, 2007) ("There must be clear and convincing evidence of an intentional act by the party in possession of the allegedly lost or destroyed evidence…").

Epic, nevertheless, argues that TCS's mitigation arguments were improperly included in TCS's opposition. (*See* Dkt. 933.) For example, Epic requests that the Court strike the following portion of TCS's opposition:

> Rather, the record reflects that TCS spent thousands of hours collecting, reviewing and producing documents that needed to be restored from countless backup tapes, in an effort to meet its discovery obligations in good faith. (*See, e.g.*, Declaration of Ajit Menon, Dkt. 691, at ¶¶ 55, 95, 96.) With e-mails, in particular, TCS spent a tremendous amount of effort to restore, review, and produce, even though this exercise produced a handful of responsive emails, wholly disproportionate to the effort involved. (*See, e.g.,* Dkt. 149, at ¶¶ 12-17.) Moreover, TCS produced 48 employees for deposition, both in the U.S. and India. Epic's examination of these witnesses was uncurtailed except for occasional directions, that went unchallenged, on the basis of privilege. TCS also cooperated fully with the investigation performed by Stroz Friedberg. Stroz was given unfettered access to TCS facilities and was permitted to communicate with TCS employees without the participation of TCS's counsel. This is not the record created by a party acting in bad faith.

(*See* Dkt. 927, at 3.) The Court, however, specifically held that it considered TCS's cooperation in the Stroz investigation "mitigating" and therefore perfectly proper for TCS to reference in its opposition to Epic's attorneys' fee request:

> MR. ROBBEN: Well, the second thing would be when Stroz came into the picture, we didn't try to obstruct that in any way. TCS cooperated fully. Mr. Menon gave them

6

>> everything. I didn't—none of us inserted ourselves into the process to try to block it or mediate it at all.
>
> THE COURT: I do consider that mitigating.

(*See* Dkt. 898 at 155:14-20.)

Similarly, Epic seeks to strike the portions of TCS's opposition dealing with the adverse instruction sanction. Specifically, Epic seeks to strike the following:

> However, the Court did grant Epic the benefit of an adverse inference instruction, a significant sanction. The instruction permitted the jury to draw an inference against TCS on account of document preservation issues. The Court also permitted Epic, consistent with the adverse inference instruction, to put before the jury evidence concerning document preservation:
>
>> While the court does not intend to allow the trial to turn into a litany of discovery violations during the course of this lawsuit, it will allow Epic to present evidence of TCS's failure to investigate and preserve data, documents and other discoverable information to the extent the jury finds this conduct was intentional and undertaken in bad faith.
>
> (Dkt. 709, at 5.) Finally, the Court indicated that, after trial, it would consider whether to award "further monetary sanctions". (Dkt. 709, at 5.)

(*See* Dkt. 933, p. 3; *see also* Dkt. 927, at 4.) However, the Court previously held that the adverse inference sanction was a mitigating factor TCS was free to reference in its opposition to Epic's application for monetary sanctions:

> MR. ROBBEN: And then the final thing, and I think the most important one, would be the adverse instruction that the jury was given. I think that's a very significant instruction, very significant sanction. Perhaps we'll never know, but perhaps determinative.
>
> THE COURT: I will—I do consider that.

(*See* Dkt. 898 at 155:21 – 156:4).

7

The other portions of TCS's opposition that Epic seeks to have the Court parse out and strike—pages 2-3, the first paragraph on page 5, page 7, Section I, and a sentence on page 27 (*see* Dkt. 933 at n.1 and 3)—all deal with TCS's claim, that absent a finding of bad faith, the Court should not award Epic its attorneys' fees and costs as a discovery sanction. TCS's arguments with regard to the lack of bad faith, however, are properly included in its opposition as bad faith is both a prerequisite to an award of attorneys' fees as a sanction under the Court's inherent powers (see Dkt. 927, at Section I) and is a mitigating factor properly considered by the Court in awarding any sanction.

## CONCLUSION

For the reasons stated above, TCS respectfully requests that the Court deny Epic's motion to strike, deny Epic leave to file a reply, and award TCS such other and further relief as the Court deems to be just and proper.

**Dated: June 23, 2016**

By: /s Philip D. Robben
Paul F. Doyle
Philip D. Robben
Alison L. MacGregor
Kristina M. Allen
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
pdoyle@kelleydrye.com
probben@kelleydrye.com
amacgregor@kelleydrye.com
kallen@kelleydrye.com

Telephone: (212) 808-7800
Fax: (212) 808-7897

and

By: /s Barbara A. Neider
Barbara A. Neider
Meg Vergeront
STAFFORD ROSENBAUM LLP
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, Wisconsin 53701-1784
bneider@staffordlaw.com
mvergeront@staffordlaw.com

Telephone: (608) 256-0226
Fax: (608) 259-2600

*Attorneys for Defendants Tata Consultancy Services Limited and Tata America International Corporation*