IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION,

      Plaintiff,

      v.

TATA CONSULTANCY SERVICES LIMITED
and TATA AMERICA INTERNATIONAL
CORPOATION d/b/a TCA AMERICA,

      Defendants.

JUDGMENT IN A CIVIL CASE

Case No.   14-cv-748-wmc

---

    This action came for consideration before the court and a jury with District Judge William M. Conley presiding.  Partial judgment was granted by the court.  Other issues were tried to a jury, which rendered its verdict, and the court also entered injunctive relief. The court has now resolved all post-judgment issues and enters this judgment.

---

    IT IS ORDERED AND ADJUDGED that judgment is entered in favor of plaintiff Epic Systems Corporation against defendants Tata Consultancy Services Limited and Tata America International Corporation as to plaintiff's claims for breach of contract, violations of the Computer Fraud and Abuse Act, 19 U.S.C. § 1030(g) claims, violations of the Wisconsin Computer Crimes Act, Wis. Stat. § 943.70(2)(a), fraudulent misrepresentation, misappropriation of trade secrets, unfair competition, unjust enrichment and deprivation of property.

    IT IS FURTHER ORDERED AND ADJUDGED that judgment is entered in favor of defendants Tata Consultancy Services Limited and Tata America International Corporation against plaintiff Epic Systems Corporation as to plaintiff's conversion claim.

IT IS FURTHER ORDERED AND ADJUDGED that judgment is entered in favor of plaintiff Epic Systems Corporation against defendants Tata Consultancy Services Limited and Tata America International Corporation dismissing defendants' counterclaims.

IT IS FURTHER ORDERED AND ADJUDGED that judgment is entered in favor of plaintiff Epic Systems Corporation against defendants Tata Consultancy Services Limited and Tata America International Corporation in the amount of $420,000,000.00.

IT IS FURTHER ORDERED AND ADJUDGED that judgment is entered in favor of plaintiff Epic Systems Corporation against defendants Tata Consultancy Services Limited and Tata America International Corporation, permanently enjoining defendants as follows:

1. This Permanent Injunction shall remain in full force and effect for four years from April 27, 2016, the date the effective date of the original Permanent Injunction.

2. For purposes of this Permanent Injunction, the following terms apply:

   a. "Epic" shall mean plaintiff Epic Systems Corporation.

   b. "TCS" shall mean Tata Consultancy Services Limited and Tata America International Corporation.

   c. "Trade Secret" shall mean the documents contained in Trial Exhibit No. 1247, limited to those documents (or portions of such documents) that are a trade secret as defined in the Wisconsin Uniform Trade Secrets Act, Wis. Stat. § 134.90(1)(c).

   d. "Confidential Information" shall mean the documents, including the content of the documents, contained in Trial Exhibit Nos. 2100 and 2101 that (i) are not trade secrets; and (ii) are "confidential information" as defined in the parties' Standard Consultant Agreement (Trial Ex. 3).

3. Except as expressly set forth in the opinion above, TCS and their respective affiliates, successors, officers, agents, servants, employees, and attorneys and any

and all other persons who are in active concert or participation with any of them (all collectively referred to as "Enjoined Parties"), are permanently enjoined, anywhere in the world, from the following:

  a. using any Epic Trade Secret or Confidential Information for any reason, including but not limited in the design, development, enhancement, or marketing of any TCS software providing solutions in the areas of electronic health records, electronic medical records, and hospital management systems, or any other healthcare software solutions, including but not limited to Med Mantra (as most broadly defined, including but not limited to, TCS-HIS, Med Mantra in use at Apollo Hospitals in India, British American Hospital in Mauritius, Tata Cancer Hospital in India, Tata Cancer Institute in India, and Med Mantra modules in development at DaVita Healthcare Partners, Inc. and Quest Diagnostics, Inc.) (collectively, "TCS EHR Products");

  b. possessing or retaining any Epic Trade Secret or Confidential Information in any form, including on any servers or other electronic computer systems of TCS or any other electronic or hard-copy media at TCS;

  c. accessing or attempting to access any non-public Epic servers or systems, including Epic' internet portal known as UserWeb; and

  d. permitting any TCS employee or consultant or agent who performed software testing on Epic's software in connection with TCS's work for Kaiser, directly supervised or managed such testing, or otherwise had access to any Epic Trade Secret or Confidential Information, including, but not limited to Naresh Yallapragada, Venugopal Reddy, and Madhavi Mukerji, to work on, or assist in, directly or indirectly, the design, development, enhancement, or marketing of any TCS EHR Products.

4. For the two years from April 27, 2016, unless extended by the court upon a showing of good cause, TCS shall not resist, hamper, delay, or otherwise interfere with the activities of a monitor to be appointed consistent with the procedure outlined in the above opinion. The monitor shall be paid by Epic and have unfettered access at any time, to monitor TCS's development and implementation of any TCS EHR Products to ensure that TCS does not improperly use any of Epic's Trade Secrets or Confidential Information, as described below. In particular, TCS shall permit the monitor to:

   a. Confirm that TCS employees, consultants, and agents do not have access to Epic's internet portal known as UserWeb or to any of Epic's Trade Secret or Confidential Information.

   b. Confirm that TCS does not possess or retain any Epic Trade Secret or Confidential Information on any of its servers, shared drives, shared domains, or other places of electronic information storage.

   c. Talk with any TCS employee who might be able to assist the monitor in determining whether Epic Trade Secret or Confidential Information was or is being used in the design, development, enhancement, or marketing of any TCS EHR Products. TCS shall provide the ombudsman or monitor with unfettered access to these TCS employees.

   d. Examine, evaluate, and analyze TCS's electronic information, including TCS's proxy logs, domain logs, active directory logs, software, servers, shared drives, and shared domains, to determine whether any Epic Trade Secret or Confidential Information was or is being used or is intended to be used in the design, development, enhancement, or marketing of any TCS EHR Products. TCS shall provide the monitor with unfettered access to this electronic information.

5. Epic shall have the ability to confidentially provide the monitor with the type of information Epic deems necessary to monitor TCS's development and implementation of any TCS EHR Product to ensure that TCS does not improperly use any of Epic's Trade Secret or Confidential Information.

6. Except by leave of court, the monitor shall not disclose the substance or outcome of its ongoing investigation except for: (1) the procedures or tasks undertaken; and (2) specific evidence of a violation of the permanent injunction. To the extent the monitor may have only general evidence, he should disclose that evidence to the court, at which time the court will determine whether the monitor may disclose the evidence to Epic.

7. TCS shall provide written notice to all TCS employees who performed work for Kaiser Permanente and all employees who work (or worked during the relevant time period) on the design, development, enhancement, or marketing of any TCS EHR Products, that the Permanent Injunction has been issued and its terms.

8. Within 60 court days of the effective date of this Permanent Injunction, TCS shall file and serve a report in writing and under oath setting forth in detail the manner and form with which TCS has complied with the Permanent Injunction.

9. Violation of the Permanent Injunction shall be subject to all applicable penalties, including contempt of court and shifting the reasonable expenses that Epic has paid for the monitor to TCS.

10. This court shall retain continuing jurisdiction over Epic, TCS and the Enjoined Parties and the action for the purpose of enforcing or modifying the Permanent Injunction.

Approved as to form this $\underline{\textbf{2nd}}$ day of October, 2017.


_____

William M. Conley
District Judge


_____     $\underline{\text{10}/\text{3}/\text{17}}$

Peter Oppeneer                                         Date
Clerk of Court