UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Electronically Filed

| | |
|---|---|
| EPIC SYSTEMS CORPORATION, A Wisconsin corporation<br>Plaintiff,<br>v.<br>TATA CONSULTANCY SERVICES LIMITED, an Indian Corporation; and TATA AMERICAN INTERNATIONAL CORPORATION (dba TCS America), a New York Corporation ;<br>Defendants. | No. 14-cv-748-wmc |

AGREED ORDER REGARDING SECURITY
DURING POST-JUDGMENT PROCEEDINGS AND APPEAL

On October 3, 2017, the Court entered judgment in favor of Epic Systems Corporation ("Epic") and against Defendants in the amount of $420,000,000 (the "Judgment"). The parties have advised the Court that they have agreed with respect to the terms of a letter of credit (together with any substitute or replacement for it acceptable to Epic, the "Letter of Credit") in the amount of $440,000,000, the form of which is attached hereto as Exhibit A, to serve as adequate security to stay the execution on the Judgment, and any proceedings to enforce it, pending post-judgment and appellate proceedings, pursuant to Fed. R. Civ. P. 62;

THE COURT BEING OTHERWISE SUFFICIENTLY ADVISED:

1. IT IS HEREBY AGREED AND ORDERED that the Letter of Credit issued by Citibank, N.A. is approved as an agreed security under Fed. R. Civ. P. 62 during post-judgment and appellate proceedings in this matter and Defendants shall procure and cause the same to be delivered to Epic within ten (10) days of the entry of this Order.

2. IT IS FURTHER AGREED AND ORDERED that Epic may make demands for payment on the Letter of Credit, and shall be entitled to the proceeds thereof, without further order of this Court and

consistent with the terms of the Letter of Credit upon the occurrence of one or more of the following events ("Demand Events"):

A. Judgment or any portion of it in this case has become final and nonappealable (as defined below), in which circumstance Epic may make payment demands on the Letter of Credit in an aggregate amount of the unsatisfied Judgment (including any costs and accrued post-judgment interest thereon) or portion thereof that has become final and nonappealable in Epic's favor; or

B. The Letter of Credit is subject to expiration within thirty (30) days or less, and prior to that time Defendants have failed to provide a substitute or replacement Letter of Credit with terms substantially and materially the same as the original Letter of Credit with an unexpired term of at least one year that automatically extends for a period of at least one year issued by Citibank, N.A. or a United States bank with at least $20 billion in capital and having a long-term senior debt rating of at least "A" or its equivalent from any two of the following ratings agencies: Standard & Poor's Financial Services, Inc. ("A" rating), Moody's Investors Service, Inc. ("A2" rating), and Fitch Ratings, Inc. ("A" rating) (or any successor rating agency of any of them, collectively all of the foregoing, the "Ratings Agencies" and any issuing bank meeting the foregoing conditions, an "Acceptable Issuer"). However, to the extent there is a significant market event that impacts the long-term rating of the senior debt of a substantial number of United States banks, such that a substitute or replacement Letter of Credit with terms substantially and materially the same as the original Letter of Credit is not obtainable from an Acceptable Issuer or there is no bank that is an Acceptable Issuer, the parties shall promptly confer in good faith on a reasonable alternative form of security. Defendants shall initiate such discussions, through counsel of record, as soon as practicable but in no event later than 45 days prior to the expiration date of the Letter of Credit and a Demand Event under this paragraph will not occur if Defendants' provide a substitute or replacement Letter of Credit, or such alternative security as the parties may agree upon, at least 21 days prior to the expiration date of the Letter of Credit. If the Parties cannot agree upon an

acceptable replacement Letter of Credit or alternative security at least 21 days prior to the expiration date of the Letter of Credit, Epic is authorized to draw on the Letter of Credit.

C. The long-term rating of the senior debt of the issuer of the Letter of Credit as provided by any two of the Ratings Agencies has fallen below an "A" rating or its equivalent, and Defendants have failed to provide a substitute or replacement Letter of Credit issued by an Acceptable Issuer with terms substantially and materially the same as the Letter of Credit issued to Epic within 21 days after Epic's written demand therefor is delivered to Defendants at 101 Park Avenue, 26th Floor, New York, NY 10178, ATTN: Legal Department with a contemporaneous copy to Defendants' counsel of record in this action. However, to the extent there is a significant market event that impacts the long-term rating of the senior debt of a substantial number of United States banks, such that a substitute or replacement Letter of Credit with terms substantially and materially the same as the original Letter of Credit is not obtainable from an Acceptable Issuer or there is no bank that is an Acceptable Issuer, the parties shall promptly confer in good faith on a reasonable alternative form of security and Defendants' time to provide a substitute or replacement Letter of Credit, or such alternative security as the parties may agree upon, for up to 30 days after Epic has delivered its written demand as provided above after the Letter of Credit issuer's credit rating is downgraded as described above. If the Parties cannot agree upon an acceptable replacement Letter of Credit or alternative security within that 30-day period, Epic is thereafter authorized to draw on the Letter of Credit.

3. IT IS FURTHER AGREED AND ORDERED, that in the event that one or more Demand Events has occurred, Epic may elect, in its sole discretion, to present payment demands on the Letter of Credit on the basis of any one or more such Demand Events, independently or in any combination. Nothing in this Order shall limit Epic's right to enforce its Judgment against Defendants by means other than a draw on the Letter of Credit once any part of the Judgment becomes final and nonappealable.

4. IT IS FURTHER AGREED AND ORDERED that in the event of Demand Event "B" or Demand Event "C", Epic may make a payment demand for the full amount then available under the Letter of Credit, and the proceeds shall be deposited into an escrow account (the "Escrow Account") at JPMorgan Chase Bank N.A. as escrow agent (together with any successor or replacement escrow agent, the "Escrow Agent") pursuant to an escrow agreement in the form attached as Exhibit B hereto (the "Escrow Agreement"), which the parties agree to execute with and deliver to each other and the Escrow Agent within ten (10) days of the entry of this Order.

5. IT IS FURTHER AGREED AND ORDERED that in the event that any portion of the Judgment has become final and nonappealable after the occurrence of Demand Event "B" or Demand Event "C" above, and the Escrow Account has been funded from proceeds of a payment demand on the Letter of Credit, Epic shall be entitled, with further order of this Court, to withdraw from the Escrow Account the amount of damages that has been affirmed plus applicable interest and costs.

6. IT IS FURTHER ORDERED that in the event that the Judgment is vacated or reversed in its entirety in a final and nonappealable order of any appellate court or that the Judgment is fully satisfied, so that no amount remains owing to Epic under the Judgment (including costs and interest), Epic shall authorize the cancellation of the Letter of Credit, the termination of the Escrow Agreement, and payment of any funds in the Escrow Account from a draw on the Letter of Credit to Defendants or either of them.

7. IT IS FURTHER AGREED AND ORDERED that, for purposes of this Order, the phrase the Judgment "has become final and nonappealable" means:

    (A) that Defendants have failed timely to file a notice of appeal of the Judgment to the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit"); or

    (B) that Defendants' appeal in the Seventh Circuit has been dismissed or otherwise terminated while any portion of the Judgment remains unsatisfied and that Defendants' time to move for reargument, rehearing, or reconsideration in the Seventh Circuit, or petition for a writ of certiorari or other review in the Supreme Court of the United States ("Supreme Court") with respect

to that dismissal or termination, has expired, or in the event that Defendants timely move for reargument, rehearing, or reconsideration in the Seventh Circuit, or file petitions for a writ of certiorari or other review in the Supreme Court, that such motions or petitions have been denied; or

      (C)    that the Seventh Circuit or the Supreme Court has affirmed the Judgment with respect to any amount of damages against either or both Defendants notwithstanding any reversal and/or remand for further proceedings with respect to any other amount or type of damages or other matter (the "Affirmed Judgment"), and that with respect to an affirmance by the Seventh Circuit, Defendants' time to move for reargument, rehearing, or reconsideration in the Seventh Circuit or petition for a writ of certiorari or other review in the Supreme Court with respect to the Affirmed Judgment has expired and (i) as to which no motion for reargument, rehearing, or reconsideration shall then be pending in the Seventh Circuit and no petition for a writ of certiorari or other review or motion for reargument, rehearing, or reconsideration shall be pending in the Supreme Court or (ii) as to which any right to petition for a writ of certiorari or other review, reargument, rehearing, or reconsideration shall have been waived in writing by Defendants, or (iii) in the event that a petition for a writ of certiorari or other review in the Supreme Court, or reargument, rehearing, or reconsideration with respect to the Affirmed Judgment has been sought in the Seventh Circuit, such certiorari or other review, reargument, or rehearing has been denied or dismissed and the time to take any further appeal, petition for a writ of certiorari or other review, or move for reargument, rehearing, or reconsideration in the Supreme Court or in the Seventh Circuit with respect to the Affirmed Judgment shall have expired, or (iv) this Court otherwise determines that the Judgment or any portion of it has become final and nonappealable.

8. IT IS FURTHER AGREED AND ORDERED that, so long as (i) Defendants and the issuer of the Letter of Credit maintain the Letter of Credit in compliance with the above terms of this Order and (ii) no Demand Events authorizing a payment demand to be made on the Letter of Credit have occurred,

execution of or on the Judgment is stayed and no execution may issue on the Judgment nor may any proceedings be taken to enforce the Judgment during post-judgment or appellate proceedings in this matter, other than as authorized in this Order. Nothing in this paragraph shall preclude Epic from drawing upon the Letter of Credit consistent with the terms of this Order. In the event that Defendants do not maintain the Letter of Credit in compliance with the above terms, or the bank issuing the Letter of Credit fails to honor a payment demand thereunder for any reason, no stay applies and execution on the Judgment may commence.

9. IT IS FURTHER AGREED AND ORDERED that in the event Epic is subject to a change of name, address, or corporate control, that Defendants will cooperate with Epic to cause the issuer of the Letter of Credit to issue any necessary amendments or modifications to the Letter of Credit to reflect such changes.

10. IT IS FURTHER AGREED AND ORDERED that, upon a showing of good cause, either party may request that the Court modify or enforce the terms of this Order. This Court retains jurisdiction to resolve any disputes concerning this Order, the Letter of Credit, and any payment demands made under the Letter of Credit or the Escrow Agreement.

IT IS SO ORDERED.

Dated: November 30, 2017

The Honorable William M. Conley
United States District Court

AGREED TO AND TENDERED BY:

| | |
|---|---|
| *Counsel for Epic Systems Corporation* | *Counsel for Defendants* |
| /s/ Rick Richmond | /s/ Philip D. Robben |
| rrichmond@jenner.com | Paul F. Doyle |
| Nick G. Saros | Philip D. Robben |
| nsaros@jenner.com | KELLEY DRYE & WARREN LLP |
| Julie A. Shepard | 101 Park Avenue |
| jshepard@jenner.com | New York, New York 10178 |
| Kelly M. Morrison | pdoyle@kelleydrye.com |
| kmorrison@jenner.com | probben@kelleydrye.com |
| JENNER & BLOCK LLP | Telephone: (212) 808-7800 |
| 633 West 5th Street, Suite 3600 | Fax: (212) 808-7897 |
| Los Angeles, CA 90071 | |
| Tel: 213-239-5100 | Barbara A. Neider |
| Fax: 213-239-5199 | Meg Vergeront |
| | Jeffrey Mandell |
| Anthony A. Tomaselli | STAFFORD ROSENBAUM LLP |
| anthony.tomaselli@quarles.com | 222 West Washington Avenue, Suite 900 |
| Kristin G. Noel | P.O. Box 1784 |
| kristin.noel@quarles.com | Madison, Wisconsin 53701-1784 |
| QUARLES & BRADY LLP | bneider@staffordlaw.com |
| 33 East Main Street, Suite 900 | mvergeront@staffordlaw.com |
| Madison, WI 53703 | jmandell@staffordlaw.com |
| Tel.: 608.251.5000 | Telephone: (608) 256-0226 |
| Fax: 608.251.9166 | Fax: (608) 259-2600 |