IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EPIC SYSTEMS CORPORATION,

|  |  |  |
|---|---|---|
| | Plaintiff, | ORDER |
| v. | | |
| | | 14-cv-748-wmc |

TATA CONSULTANCY SERVICES
LIMITED and TATA AMERICA
INTERNATIONAL CORPORATION d/b/a
TCA America,

Defendants.

---

The court is in receipt of plaintiff Epic Systems Corporation's request for clarification as to the timeframe for a court-appointed monitor to perform his duties. (Dkt. #1019.)  The court understands Epic's confusion given the language in the court's November 2, 2016, order appointing the monitor, apparently tying the timing of the monitor's activities to the date of that order.  (Dkt. #959.)  The judgment, however, entered on October 3, 2017, clearly defines the timeframe for the monitor's duties as "two years from April 27, 2016."  (Dkt. #978.)  Accordingly, that portion of the permanent injunction has expired.

As plaintiff notes in its motion, the provision also states that the court may extend the timeframe "upon a showing of good cause."  (*Id.*)  In support of such a finding, plaintiff points to one incident from February of a TCS employee requesting UserWeb credentials, in which he provided a CVS Health email address, but listed TCS as his employer.  While TCS employees are barred from accessing the UserWeb, this isolated incident does not suggest bad faith or an intentional attempt to violate the injunction -- notably, the applicant disclosed his or her employment.  Having failed to provide

evidence of actual, continuing misuse or active (or even passive) obstruction of the court-appointed monitor, Epic has not shown "good cause" to extend the original two-year timeframe.

On this record, therefore, plaintiff's motion to clarify (dkt. #1019) is GRANTED, but the requested relief either to find that provision of the injunction is still active or to extend the timeframe is DENIED.

Entered this 3rd day of August, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge