IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

EPIC SYSTEMS CORPORATION,

                              Plaintiff,                            OPINION AND ORDER

     v.

                                                                   14-cv-748-wmc

TATA CONSULTANCY SERVICES
LIMITED and TATA AMERICA
INTERNATIONAL CORPORATION d/b/a
TCA America,

                              Defendants.
---

      Plaintiff Epic Systems Corporation has moved for an award against defendants Tata Consultancy Services Limited and Tata America International Corporation for post-judgment interest on the punitive damage portion of the judgment in this case. Defendants concede that plaintiff is entitled to post-judgment interest, but dispute when that interest began to run. Specifically, plaintiff asserts that interest should run from the date of the original judgment entered on October 3, 2017, while defendants argue that the amended judgment entered by this court after remand from the Seventh Circuit on July 12, 2022, is the relevant date. Thus, the remaining question for this court on remand is whether plaintiff's punitive damage award of $140 million could be "ascertained in a meaningful way" on October 3, 2017, or whether the evidentiary and legal basis for the award was not ascertainable until this court revised the amount of the punitive damage award on July 12, 2022.

      Because the Seventh Circuit capped the punitive damage award at $140 million but remanded for this court to determine the actual amount to be awarded, the court agrees

with defendants that the punitive damage award was not yet ascertained in a meaningful way until determined by this court's entry of final judgment on July 12, 2022. Accordingly, plaintiff will be awarded $5,613,146.34 in post-judgment interest, which is calculated based on 2.86% interest rate applicable to judgments entered the week of July 12, 2022.

BACKGROUND

Following a multi-week trial, a jury originally awarded plaintiff $240 million in compensatory damages and $700 million in punitive damages. In response to motions after the verdict, this court later reduced the compensatory damages award to $140 million, holding that a $100 million portion of the compensatory damages award was not supported by sufficient evidence. Consistent with a Wisconsin statute that caps punitive damages at two times compensatory damages, the court also reduced the punitive damage award to $280 million, and entered a final judgment in that amount on October 3, 2017. (Dkt. #978.) Defendants then appealed the remaining compensatory and punitive awards, while plaintiff cross-appealed the court's vacatur of the $100 million compensatory award.

On appeal, the Seventh Circuit affirmed the $140 million compensatory damage award and this court's vacatur of the additional $100 million compensatory award, but vacated the $280 million punitive damage award. *Epic Systems Corp. v. Tata Consultancy Services Ltd.*, 980 F.3d 1117 (7th Cir. 2020). With respect to punitive damages, the Seventh Circuit held that an award of $280 million exceeded federal due process limits because defendants' "conduct, while reprehensible, was not egregious," especially since defendants were already subject to a substantial compensatory award. *Id.* at 1144.

The Seventh Circuit also noted that defendants' conduct did not involve a risk of physical harm -- to plaintiff or anyone else -- but only economic harm. *Id.* at 1141. Further, as the Seventh Circuit explained, "if Epic suffered *quantifiable* economic harm, that harm is significantly smaller than $140 million." *Id.* at 1143 (emphasis added). Under these circumstances, therefore, the Seventh Circuit held that a 1:1 ratio of compensatory to punitive damages was the *maximum* award federal due process would allow, and it remanded for this court to "amend its judgment and reduce punitive damages to, *at most*, $140 million." *Id.* at 1144-45 (emphasis added).

On remand, this court ultimately "conclude[ed] that the facts and circumstances of this case as a whole justify an award of $140 million in punitive damages." Consistent with that ruling, the clerk of court entered a second amended final judgment on July 12, 2022. (Dkt. #1045.) While defendants appealed again, arguing that $140 million was excessive, the Seventh Circuit affirmed on July 14, 2023, concluding that this court had "properly justified the $140 million punitive damages award." *Epic Systems Corp. v. Tata Consultancy Services Ltd.*, 2023 WL 4542011, at *2 (7th Cir. July 14, 2023). Plaintiff then filed this motion for an award of post-judgment interest on top of the $140 punitive damage from the date of the original judgment entered on October 3, 2017.[1]

---

[1] Defendant has already paid plaintiff compensatory damages, post-judgment interest on compensatory damages and punitive damages.

3

OPINION

Post-judgment interest "shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961. When there are multiple judgments entered, as in this case, post-judgment interest accrues from the date of the judgment for which damages could be "ascertained in any meaningful way." *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990); *see also Transmatic, Inc. v. Gulton, Indus., Inc.*, 180 F.3d 1343, 1349 (Fed. Cir. 1999). Thus, if "a first judgment lacks an evidentiary or legal basis, post-judgment interest accrues from the date of the second judgment." *Cordero v. De Jesus–Mendez*, 922 F.2d 11, 16 (1st Cir. 1990). However, "[w]here an original judgment is upheld for the most part but modified on remand, post-judgment interest should accrue from the date of the first judgment." *Id.* at 17.

Neither side cites a Supreme Court or Seventh Circuit that *directly* addresses the question whether a punitive award later vacated on constitutional grounds and remanded for redetermination was nevertheless "meaningfully ascertainable" on the date of the original judgment. Instead, plaintiff cites three nonprecedential cases in support of its argument that its punitive damage award was meaningfully ascertainable on the date of the original judgment, October 3, 2017. First, it cites the Ninth Circuit's discussion in *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077 (9th Cir. 2009), a case that was remanded after the United States Supreme Court had vacated a punitive award because relevant admiralty law required the award to be capped at a 1:1 ratio to compensatory damages. Even though two, earlier punitive damages awards had been vacated in the same case for different reasons, the Ninth Circuit nevertheless held on remand that post-judgment interest should

4

run from the date of the original judgment. *Id.* at 1080. In particular, because the "evidentiary and legal bases" for plaintiffs' punitive damage award were "meaningfully ascertained" as of the date of the original judgment, the court held that interest on the final award dictated by the United States Supreme Court on remand should run from that same date. The court further held that subsequent reductions on appeal of an award of punitive damages should not affect the date from which post-judgment interest runs, given that "[n]either the evidentiary basis for the award nor the legal foundation for an award has been disturbed after nearly a dozen years of subsequent litigation." *Id*.

Second, plaintiff cites *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320 (11th Cir. 1999), in which the Eleventh Circuit had to determine whether post-judgment interest on a punitive damage award began with a larger, original judgment or a later remitted judgment. The Eleventh Circuit held that post-judgment interest ran from the original judgment in that case, because "[w]hen an original judgment is not completely vacated, the date from which post-judgment interest runs turns on the degree to which the original judgment is upheld or invalidated." *Id.* at 1339.

Third, plaintiff cites *C.R. Bard, Inc. v. M3 Systems, Inc.*, 120 F. Supp. 2d 1145 (N.D. Ill. 2000), a case on remand after the Federal Circuit had affirmed on liability on one count but vacated the damages award for the purpose of determining if one of the claims could be segregated. On remand, the court held that post-judgment interest accrued from the date of the first judgment on the portion of the damage award affirmed on appeal, because there was "no issue as to the sufficiency of the evidence underlying the verdict." *Id.* at 1150.

5

Plaintiff contends that the same reasoning from these three cases applies here. In particular, the Seventh Circuit held on its first review of this case on appeal that there *was* a legal basis for a punitive damages award and ample evidence at trial supported that award. Plaintiffs note that the Seventh Circuit also rejected several of defendants' arguments opposing the award, and it did not remand the case so that the court could calculate an award based on a different method or additional evidence. Rather, plaintiff argues, the punitive damage award was meaningfully ascertainable and remanded solely because the ratio between compensatory and punitive damages exceeded the 1:1 federal due process limitation.

However, plaintiff fails to acknowledge the legal and factual distinctions between this case and *Exxon*, *Johansen* and *C.R. Bard, Inc.* In *Exxon*, the Ninth Circuit entered a specific punitive damage award as stipulated by the parties; in *Johansen*, the Eleventh Circuit affirmed the damages award already entered by the district court; and in *C.R. Bard*, the Federal Circuit remanded the case for the limited purpose of determining whether a damages award could be apportioned between claims, not because the amount had yet to be determined. In contrast, the Seventh Circuit here *vacated* the punitive damage award and directed this court to reduce the award because the "facts and circumstances of this case" did *not* justify the original award. *Epic*, 980 F.3d at 1144. Nor did the Seventh Circuit dictate the amount of that award on remand, but rather permitted an award of "at most" $140 million in punitive damages. Following the Seventh Circuit's instructions, this court on remand considered the relevant evidence, including its compensatory damages award and defendant's conduct in light of the constitutional considerations articulated by

6

Supreme Court and Seventh Circuit, ultimately concluding that a punitive damage award of $140 million was appropriate. (Dkt. #1045.) Thus, the legal and factual bases for the court's punitive damages award was arguably *not* meaningfully ascertained until after this court considered the due process factors on remand.

Because the Seventh Circuit's mandate required this court to again consider the legal and evidentiary issues on remand, the court is inclined to agree with defendants that this case is more similar to two Seventh Circuit cases. In *Divane v. Krull Electric Co.*, 319 F.3d 307 (7th Cir. 2003), the Seventh Circuit vacated a "blanket" award of attorneys' fees by the district court to the prevailing party as a sanction for misconduct by one of the attorneys for the losing party. The Seventh Circuit further noted that the district court had failed to ascertain the attorneys' fees that the prevailing party actually incurred as a result of the misconduct at issue. *Id.* at 309. Finally, on a later appeal from the recalculated attorneys' fees award, the court of appeals held that post-judgment interest should run from the date that the district court entered its post-remand judgment, finding that the original judgment had *not* been supported by evidence of the specific damages to which the prevailing party was entitled because of misconduct by the opponent's attorney. *Id.* at 322 (citing *Kaiser*, 494 U.S. at 835–36).

Similarly, in *Harris v. Chicago Great Western Railway Co.*, 197 F.2d 829, 836 (7th Cir. 1952), the district court had awarded $500,000 in attorney's fees as part of its initial judgment. On appeal, the Seventh Circuit concluded that "[t]his determination was erroneous," and directed the district court to enter judgment for $350,000 in fees on remand. *Id.* More importantly for purposes of this case, the Seventh Circuit held that

7

post-judgment interest should be calculated from the date of the amended judgment to be entered by the district court *after* remand. *Id.* As the Seventh Circuit explained, the district court had erred, both legally and factually, in determining the "reasonable" amount of attorney fees that should be awarded. *Id.* at 833–36. Thus, "neither the amount due for fees nor the due date of the obligation was authoritatively defined" until the new fee award was determined on appeal, meaning there would "be a final valid judgment only when a new one shall have been entered in conformity with [the Seventh Circuit's] mandate." *Id.*[2]

Just as in *Divane* and *Harris*, the Seventh Circuit held on appeal that this court had erred in calculating the award of punitive damages and directed reconsideration of its award on remand based on the appropriate legal and factual considerations. Similarly, the actual amount of the punitive damages award was, therefore, still not "meaningfully ascertainable" until this court complied with the Seventh Circuit's instruction on remand and entered an amended final judgment on July 12, 2022. Accordingly, post-judgment interest must accrue from that date.

---

[2] The court notes that the Seventh Circuit's decision in *Fleming v. County of Kane*, 898 F.2d 553 (1990), appears to conflict with its later decisions in *Divane* and *Harris*. In *Fleming*, the Seventh Circuit vacated and remanded an award of attorney fees with instructions that the district court explain why it chose plaintiff's calculations over defendant's. *Id.* at 564. However, the court of appeals also ordered that post-judgment interest would run from the date of the original attorney fee award. *Id.* at 565. That said, it appears no one argued in *Fleming* that post-judgment interest should run only from the date of the post-remand, amended judgment. Rather, the issue in *Fleming* was whether the district court had erred in awarding post-judgment interest from a date even *before* entry of the original judgment.

ORDER

IT IS ORDERED that:

(1) Plaintiff Epic Systems Corporation's motion for award of post-judgment interest (dkt. #1057) is GRANTED.

(2) Defendants must pay plaintiff post-judgment interest of $5,613,146.34.

Entered this 23rd day of September, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge